**UNITED STATES of America,**
**Plaintiff,**

v.

**Joshua ENGLISH, Defendant.**

**No. 3:10–CR–53.**

United States District Court,
S.D. Iowa,
Central Division.

Dec. 30, 2010.

ernment in the case that the applicant alleges were not substantially justified."

John J. Bishop, Attorney at Law, Cedar Rapids, IA, Terence L. McAtee, Iowa Federal Public, Davenport, IA, for Defendant.

Lisa C. Williams, United States Attorney's, Davenport, IA, for Plaintiff.

## SENTENCING MEMORANDUM OPINION AND ORDER

ROBERT W. PRATT, Chief Judge.

Before the Court is the matter of sentencing Joshua English ("Defendant").

This Sentencing Memorandum Opinion and Order ("Order") supplements the findings made on the record at the sentencing hearing held on December 28, 2010, and in the Judgment filed on December 29, 2010. Clerk's Nos. 45 & 47. Specifically, this Order will address whether the Fair Sentencing Act of 2010 ("Fair Sentencing Act" or "Act") applies to Defendant's sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2010, law enforcement officials went to Defendant's residence to serve an arrest warrant. *See* Pre–Sentence Report ¶ 11. During a search of the residence, officers found 25.15 grams of cocaine base, and 1.6 grams of marijuana. *Id.* ¶ 12. Defendant admitted that the cocaine base belonged to him, and that he sold it to support his six children. *Id.*

On July 14, 2010, Defendant was charged by indictment with possession with intent to distribute at least five grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Clerk's No. 2. On August 25, 2010, the Government filed a Information and Notice of Prior Conviction, pursuant to 21 U.S.C. § 851, informing Defendant that he was subject to an increased term of imprisonment by reason of his previous convictions for felony drug offenses. Clerk's No. 26. A little over a week later, on September 3, 2010, Defendant entered a guilty plea, which was accepted by the Court on September 24, 2010. Clerk's Nos. 29, 32. On December 28, 2010, this Court sentenced Defendant to 60 months incarceration. *See* Clerk's No. 45.

## II. LAW AND ANALYSIS

### A. *Applicable Law*

■ Prior to August 3, 2010, § 841(b)(1)(B)(iii) required an individual

who possessed (with the intent to distribute) five grams or more of cocaine base to serve a mandatory minimum sentence of five years (or ten years if the individual had a prior conviction for a drug felony). On August 3, 2010, President Obama signed the Fair Sentencing Act, which amended § 841(b)(1)(B)(iii) by increasing the amount of cocaine base necessary to trigger a mandatory minimum sentence from five grams to twenty eight grams. Pub.L. No. 111–220, 124 Stat 2372, § 2. The goal of this Act was to "restore fairness to Federal cocaine sentencing" by addressing the disparity between the required sentences for cocaine base and cocaine powder. *Id.* at Preamble. However, the Act contained no provision specifically stating whether it was to apply to all sentences going forward, or only to conduct that occurred after the date on which it was enacted.

■■■ A second relevant statute, commonly referred to as the Saving Statute, provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109. The Savings Statute was originally enacted to "to abolish the common-law presumption that the repeal of a criminal statute resulted in the abatement of 'all prosecutions which had not reached final disposition in the highest court authorized to review them.'" *Warden v. Marrero*, 417 U.S. 653, 660, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974) (quoting *Bradley v. United States*, 410 U.S. 605, 607, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973)). Generally,

in the absence of a contrary provision, the Savings Statute "bar[s] application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense." *Id.* at 660–61, 94 S.Ct. 2532. However, the Savings Statute "cannot justify a disregard for the will of Congress as manifested either expressly *or by necessary implication* in a subsequent enactment." *United States v. Douglas*, no. 09–202–P–H, 746 F.Supp.2d 220, 230, 2010 WL 4260221, *16 (D.Me. October 27, 2010) (emphasis original) (quoting *Great Northern Ry. Co. v. U.S.*, 208 U.S. 452, 465, 28 S.Ct. 313, 52 L.Ed. 567 (1908)).

### B. *Analysis*

The Government urges the Court to sentence Defendant using the version of § 841(b)(1)(B) that was in place on June 24, 2010, the date that he committed the instant offense. Under that version of the statute, Defendant would be subject to a mandatory minimum sentence of ten years because he possessed over five grams of cocaine base and has been convicted of a previous drug felony. The Government argues that because the Fair Sentencing Act does not contain an express provision to the contrary, the Savings Statute bars its application, and thus the Court must apply the law in force at the time of the offense. *See* Gov't Br. (Clerk's No. 44) at 2. The Government further asserts that the Eighth Circuit has already determined, in *United States v. Brewer*, 624 F.3d 900, 914 (8th Cir.2010), that the Fair Sentencing Act does not apply retroactively, and thus the Court must apply the version of § 841(b)(1)(B) that was in place at the time Defendant committed the instant offense. *Id.*

The Defendant urges the Court to sentence him using the version of § 841(b)(1)(B) as amended by the Fair Sentencing Act. Under this version of the statute, Defendant would not be subject to a mandatory minimum sentence because

he did not possess the necessary amount of cocaine base (28 grams). Defendant argues that his case is distinguishable from *Brewer*, because he is not seeking to retroactively apply the Fair Sentencing Act to a sentence imposed prior to its enactment, but is instead requesting that the Court apply the version of § 841(b)(1)(B) in force on the date of his sentencing. In support of his position, Defendant points to the recent decision in *United States v. Douglas*, where the Honorable Judge Hornsby found that a necessary implication of the Fair Sentencing Act is that it apply to any Defendant sentenced after its enactment. *See* 746 F.Supp.2d at 223–29, 2010 WL 4260221 at *16–19.

After careful consideration, the Court has concluded that the Fair Sentencing Act does apply to Defendant's sentence. As an initial matter, the Court does not believe that it is bound by *Brewer*, because as Defendant points out, that case deals with a factually distinct issue—whether the Fair Sentencing Act applies to individuals sentenced prior to August 3, 2010. Indeed, the Court agrees that in such cases, because there is neither an express nor necessary implication contained within the Fair Sentencing Act to the contrary, the Savings Statute must apply. However, the Court does not believe the same analysis applies to individuals sentenced after August 3, 2010.

Instead, the Court is persuaded by Judge Hornsby's well-reasoned opinion in *Douglas*. Specifically, the Court finds Congress' authorization and directive to the United States Sentencing Commission to enact emergency guideline amendments in order to "achieve consistency with other guideline provisions and applicable law," to be direct evidence that Congress intended the Fair Sentencing Act be apply to all sentences after the date of enactment.[1] *See* Fair Sentencing Act, § 8. Indeed, because a court must apply the guidelines in place at the time of sentencing, *see* 18 U.S.C. § 3553(a)(4)(A)(ii), were a court to not apply the Fair Sentencing Act to individuals in Defendant's position, it would lead to an nonsensical result. In such cases, where a Defendant is sentenced after November 1, 2010 (the date when the emergency guideline amendments went into effect) for conduct occurring prior to August 3, 2010, a Court would be in the absurd position of applying guidelines amended to ensure "consistency with applicable law" to situations in which that very "applicable law" was not applicable.[2] Such a strained interpretation of the Fair Sentencing Act places the cart before the horse, and creates the exact situation Congress attempted to

---

1. The Sentencing Commission, as directed, amended the sentencing guidelines so that, as of November 1, 2010, "the relationship between the statutory penalties for crack cocaine offenses and the statutory penalties for offenses for other drugs is consistently and proportionately reflected throughout the Drug Quantity Table." *Douglas*, 746 F.Supp.2d at 223, 2010 WL 4260221 at *14 (quoting Temporary Emergency Amendments to Sentencing Guidelines and Commentary, 75 Fed. Reg. 66, 188, 66, 191 (Oct. 27, 2010)).

2. At the sentencing hearing, the Assistant United States Attorney argued that Congress' directive that the Sentencing Commission implement emergency guidelines to conform with the provisions of the Fair Sentencing Act did not indicate a congressional intent that the Act apply to all sentencings after its enactment. Instead, she argued that it simply showed that Congress wished to avoid a situation where guidelines based on pre-Fair Sentencing Act law applied to an individual committing an offenses after August 3, 2010. To be sure, this was a situation that Congress sought to avoid. But the Court fails to see why this is evidence that Congress desired to avoid one absurd result (a Defendant subjected to the Fair Sentencing Act, but also to guidelines based on pre-Act law), but not another equally absurd result (a Defendant not covered by the Fair Sentencing Act, but subjected to guidelines amended to conform to the Act).

remedy. Instead of ensuring consistency and conformity between the applicable law and applicable sentencing guidelines, it would ensure the very opposite: inconsistency between Defendants sentenced at the same time, and mandatory sentences which would fail to conform with the applicable guideline ranges.[3]

Additionally, the very purpose of the act—to restore *fairness* to Federal cocaine sentencing—further denotes Congressional intent, and begs the question, "what possible reason could there be to want judges to *continue* to impose new sentences that are not 'fair' over the next five years while the statute of limitations runs?" *Douglas*, 746 F.Supp.2d at 229, 2010 WL 4260221 at *16 (emphasis original). In this Court's opinion, the answer is none. In light of Fair Sentencing Act's stated purpose, its command that emergency guidelines be implemented to ensure consistency with the Act, and the Act's construction with the guideline sentencing scheme generally, the Court finds that a necessary implication of the Act is that it apply to all sentences administered after August 3, 2010. To determine that the Savings Statute requires otherwise would simply frustrate the Act's purpose by creating greater inconsistency and unfairness in Federal cocaine sentences, and ensure "the legislative mind will be set at naught[.]" *Great Northern Ry. Co.*, 208 U.S. at 465, 28 S.Ct. 313.

## III. CONCLUSION

For the reasons stated herein, the Court has determined that Defendant is to be sentenced under the provisions of the Fair Sentencing Act, and thus does not qualify for a mandatory minimum sentence. After considering the sentencing factors in 18 U.S.C. § 3553(a), and for the reasons explained both at the sentencing hearing and in the Judgment, the Court believes that a sentence of 60 months imprisonment, followed by 8 years of supervised release is sufficient, but not greater than necessary to effectuate the goals of sentencing in this case. The defendant must pay the required $100 to the crime victims' fund, but need not pay an additional fine based on this Court's finding that Defendant is unable to pay.

IT IS SO ORDERED.

---

3. By way of example, under the Government's proposed application of the Fair Sentencing Act, the following would be a rather routine scenario. A Defendant with a criminal history of III, sentenced after November 1, 2010 for possessing (with the intent to distribute) six grams of cocaine base prior to August 3, 2010, would have a guideline sentence range of 33–41 months. *See* U.S.S.G. §§ 2D1.1(c)(11), 5A. This recommended sentence would be based on guidelines amended, at Congress' directive, to achieve "conformity" with the terms of the Fair Sentencing Act. Nevertheless, the Defendant in this situation would be subject to a mandatory minimum sentence of 60 months, in accordance with the pre-Act version of § 841(b)(1)(B).