# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2106

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Marcus James Neadeau, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: December 17, 2010
Filed: April 7, 2011

_____

Before LOKEN and BYE, Circuit Judges, and MARSHALL,[*] District Judge.

_____

MARSHALL, District Judge.

A jury convicted Marcus Neadeau of conspiring to distribute (and possess with the intent to distribute) at least 50 grams of crack cocaine and at least 500 grams of powder cocaine. Neadeau had a prior felony drug conviction. This fact increased the mandatory minimum sentence from ten to twenty years; and the district court[**]

_____

[*]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation.

[**]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

sentenced Neadeau to that minimum. 21 U.S.C. § 841(b)(1)(A) (2006 & Supp. II 2008). Nedeau appeals his conviction, arguing that the district court abused its discretion by admitting at trial the detention-hearing testimony of Vanessa Sagataw—Nedeau's wife and later co-defendant. He also appeals his twenty-year sentence, arguing that it violates the Eighth Amendment's prohibition against cruel and unusual punishment.

**1.** The district court stumbled a bit on the evidentiary issue, but the error was harmless. Sagataw testified for her husband at his detention hearing. She was later indicted and tried with him. In the face of her Fifth Amendment-based decision not to testify at trial, the United States offered her detention-hearing testimony as a prior inconsistent statement. The court admitted it on this basis.

Sagataw's earlier testimony, however, was not a prior inconsistent statement because it was missing an essential ingredient: she did not testify inconsistently at trial. FED. R. EVID. 801(d)(1)(A). She did not testify there at all. Sagataw's detention-hearing testimony thus does not qualify as this kind of non-hearsay. FED. R. EVID. 801(d)(1)(A) and advisory committee notes.

But "we are not bound by the grounds on which the district court admitted the evidence, as it is a well-settled principle that we may affirm a district court's judgment on any basis supported by the record." *United States v. Bercier*, 506 F.3d 625, 629–30 (8th Cir. 2007) (internal quotation omitted). The United States tries to salvage the admission of Sagataw's detention-hearing testimony by arguing that it was not hearsay to begin with. Her testimony, the Government says, was not offered for its truth. FED. R. EVID. 801(c); *see generally* 6 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 1766 at 250–251 (Chadbourn rev. 1976). With one exception, this view of the record is correct, and we affirm on *Bercier*'s authority.

Sagataw testified, for example, that her husband was not a drug dealer, did not own a Chevrolet Blazer, and had not been to the Twin Cities since 2008. These statements were not offered for their truth; the Government sought instead to prove the opposite on each score: Neadeau was, according to the United States, a drug-dealing, Chevrolet-Blazer-owning man who went to the Twin Cities in 2009. Because they were not offered at trial for their truth, most of Sagataw's detention-hearing statements were not hearsay. FED. R. EVID. 801(c); *Anderson v. United States*, 417 U.S. 211, 219–21 & n.8 (1974). And therefore they were admissible.

One of Sagataw's statements, however, was offered for its truth. The district court admitted Sagataw's prior testimony that Neadeau called her before the police executed a search warrant at their home and asked her to leave before the officers got there. The district court abused its discretion by admitting this hearsay.

This marginal error was harmless. "An evidentiary error amounts to harmless error if, after viewing the entire record, the reviewing court determines that no substantial rights of the defendant were affected, and that the error had no, or only slight, influence on the verdict." *United States v. Mitchell*, 31 F.3d 628, 632 (8th Cir. 1994). Before Sagataw's statement was admitted at trial, this same evidence was introduced without objection through non-hearsay testimony from Special Agent Timothy Mellor. He testified that Neadeau, at the investigators' direction, called Sagataw and asked her to leave their home before the search. After considering the record as a whole, we conclude that the admission of this duplicative proof on a side fact neither affected Neadeau's substantial rights nor influenced the verdict. *Mitchell*, 31 F.3d at 632.

**2.** Neadeau also appeals his sentence. He argues that, in light of the Fair Sentencing Act's rejection of the 100-1 crack-to-powder cocaine disparity, his mandatory twenty-year sentence is so disproportionate that it violates the Eighth

Amendment. But our *de novo* review convinces us that no reversible error occurred here either. *United States v. Prior*, 107 F.3d 654, 658 (8th Cir. 1997).

The Fair Sentencing Act was not retroactive; Neadeau is therefore subject to the penalties in place when he committed his crimes. *United States v. Spires*, 628 F.3d 1049, 1055 (8th Cir. 2011)*; United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010). "We have held that mandatory minimum penalties for drug offenses do not violate the Eighth Amendment's prohibition of cruel and unusual punishments." *United States v. Collins*, 340 F.3d 672, 679 (8th Cir. 2003); *see also Prior*, 107 F.3d at 660. Further, this Court has never held that a sentence within the statutory range violates the Eighth Amendment. *Collins*, 340 F.3d at 680. And in *United States v. Baker*, this Court upheld the twenty-year mandatory minimum sentence that Baker—who had a previous felony drug conviction—received for conspiring to distribute more than fifty grams of crack cocaine. 415 F.3d 880, 881–82 (8th Cir. 2005). This is the same sentence that Neadeau received for a similar crime under similar circumstances. In light of this precedent, Neadeau's sentence is not a cruel and unusual punishment.

Affirmed.

_____

-4-