# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3059

_____

United States of America,

          Appellee,

v.

Maurice L. Watson,

          Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: May 12, 2011
Filed: October 17, 2011

_____

Before MURPHY and COLLOTON, Circuit Judges, and ERICKSON,[1] District Judge.

_____

PER CURIAM.

Maurice L. Watson pled guilty to conspiracy to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and § 846. The district court[2] sentenced Watson to 60 months' imprisonment, the mandatory minimum sentence under § 841(b)(1)(B) before enactment of the Fair Sentencing Act

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

[2]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). Watson appeals, arguing the district court erred by not sentencing him in accordance with the FSA. We affirm.

Watson asserts three related arguments on appeal. First, he argues the plain language of the FSA indicates the new sentencing scheme applies to cases that are not yet final. Second, he argues exceptions to the general savings statute, 1 U.S.C. § 109, preclude applying it to the FSA. Finally, Watson contends that applying the general savings statute to the FSA violates the Eighth Amendment's prohibition against cruel and unusual punishment and the Fifth Amendment's guarantee of equal protection. Our precedent forecloses Watson's arguments. United States v. Sidney, 648 F.3d 904, 910 (8th Cir. 2011) ("[T]he FSA is not retroactive, even as to defendants who were sentenced after the enactment of the FSA where their criminal conduct occurred before enactment.").

The district court judgment is affirmed.