# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2055

_____

United States of America,

        Appellee,

v.

Anton Nelson Cross, also known as
Ben, also known as Maurice Elliot,
also known as Scott Livingston, also
known as Vernon Livingston, also
known as Ricky Moody,

        Appellant.

Appeal from the United States
District Court for the
Northern District of Iowa.

[UNPUBLISHED]

_____

Submitted:  October 20, 2011
Filed: October 26, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Anton Cross appeals from the sentence the District Court[1] imposed after he pleaded guilty to a drug-conspiracy offense.  His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the District Court (1) erred

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

in determining that the Fair Sentencing Act did not apply retroactively to Cross and (2) abused its discretion in sentencing him.

As to the District Court's determination regarding the applicability of the Fair Sentencing Act, we find no error in light of this Court's recent decision in United States v. Sidney, 648 F.3d 904, 910 (8th Cir. 2011) (holding that the Fair Sentencing Act does not apply retroactively to defendants whose criminal conduct occurred before its enactment even if those defendants were sentenced after its enactment). As to the court's imposition of sentence, we find no significant procedural error or abuse of discretion. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (explaining that this Court, in reviewing a sentence on appeal, first ensures that no significant procedural error occurred and then considers the substantive reasonableness of the sentence under an abuse-of-discretion standard; if the sentence is within the Guidelines range, we may apply a presumption of reasonableness).

Finally, upon independent review under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal. Accordingly, we affirm.

_____