# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3737

_____

United States of America,             \*

                              \*

          Appellee,         \*

                              \*   Appeal from the United States

      v.                    \*   District Court for the

                              \*   District of Nebraska.

Larita Duncan,               \*

                              \*   [UNPUBLISHED]

          Appellant.        \*

_____

Submitted: October 17, 2011
Filed: December 12, 2011

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Larita Duncan pleaded guilty to possessing five or more grams of crack cocaine, in violation of 21 U.S.C. § 844(a). On November 22, 2010, the district court[1] sentenced Duncan to 60 months' imprisonment, the applicable mandatory minimum for offenses involving more than five grams of cocaine at the time Duncan committed the offense, declining her request to apply the Fair Sentencing Act of 2010 ("FSA") retroactively. On appeal, Duncan argues the district court erred in concluding the FSA, which eliminated the five-year minimum sentence for offenses

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

involving more than five grams of cocaine, does not apply retroactively to her. We affirm.

Our precedent forecloses Duncan's argument the FSA applies retroactively.[2] See, e.g., United States v. Sidney, 648 F.3d 904, 906 (8th Cir. 2011) ("[T]he Fair Sentencing Act contains no express statement that it is retroactive, and thus the general savings statute, 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed.") (quoting United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010)) (internal quotation marks and citation omitted); United States v. Spires, 628 F.3d 1049, 1055 (8th Cir. 2011) (holding the Fair Sentencing Act is not retroactive and the defendant is subject to the penalties in place at the time he committed the crime); United States v. Finch, 630 F.3d 1057, 1063 (8th Cir. 2011) (same). Relying on United States v. Douglas, 746 F. Supp. 2d 220 (D.Me. 2010), Duncan argues, however, the district court's failure to apply the FSA retroactively is contrary to Congressional intent. As we recently acknowledged in Sidney, the district court in Douglas, which has now been affirmed by the First Circuit, United States v. Douglas, 644 F.3d 39 (1st Cir. 2011), held the necessary and fair implication of the FSA is Congress intended the new mandatory minimums to apply to all defendants sentenced after the enactment of the Act.[3] Sidney, 648 F.3d at 907-08. We rejected this reasoning in Sidney, explaining: "In the end, the fact remains that Congress could easily have included a single sentence in the FSA to give it retroactive effect,

---

[2]We note the Supreme Court recently granted certiorari on the issue of the retroactive application of the FSA in two cases, consolidated for one hour of oral argument: Hill v. United States, 417 F. App'x 560 (7th Cir. 2011), cert. granted, --- S.Ct. ---, 2011 WL 3472365 (U.S. Nov. 28, 2011) (No. 11-5721), and United States v. Fisher, 635 F.3d 336 (7th Cir. 2011), cert. granted sub nom Dorsey v. United States, --- S.Ct. ---, 2011 WL 3422126 (U.S. Nov. 28, 2011) (No. 11-5683).

[3]President Barack Obama signed the FSA into law on August 3, 2010, surrounded by bipartisan Congressional leaders and the Attorney General. Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010).

but for whatever reason, it did not do so. It is beyond the province of this Court to do so now." Id. at 908; see also United States v. Orr, 636 F.3d 944, 958 (8th Cir. 2011) ("Thus, as we have previously recognized, Congress expressed no desire in the FSA that the law be applied retroactively, and consequently the federal Savings Statute clearly forecloses [defendant's] argument for retroactive application.").

Accordingly, we affirm the district court's judgment.

BYE, Circuit Judge, concurring in the judgment.

Because I am bound by Circuit precedent, see United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010), I reluctantly concur in the judgment. I write separately to express my disagreement with this Court's conclusion in Brewer the absence of an express statement of retroactivity in the FSA precludes its retroactive application to defendants sentenced after its enactment. Currently, the circuits are split on this issue. Compare United States v. Dixon, 648 F.3d 195, 203 (3d Cir. 2011) (holding the FSA requires application of the new mandatory minimums to all defendants sentenced after the enactment of the Act, irrespective of when the offense conduct occurred); United States v. Douglas, 644 F.3d 39, 44 (1st Cir. 2011) (same); and United States v. Rojas, 645 F.3d 1234, 1240 (11th Cir. 2011) (same), rehearing en banc granted and opinion vacated, -- F.3d --, 2011 WL 4552364 (11th Cir. Oct. 4, 2011) with United States v. Fisher, 635 F.3d 336, 340 (7th Cir. 2011) (concluding the absence of an express statement of retroactivity bars the retroactive application of the FSA); United States v. Acoff, 634 F.3d 200, 201-02 (2d Cir. 2011) (per curiam) (same); United States v. Edwards, 2011 WL 3419617, at *5 (6th Cir. 2011) (slip copy) (same). The Ninth Circuit has not yet spoken on this precise issue, see United States v. Baptist, 646 F.3d 1225, 1227-28 (9th Cir. 2011) (per curiam) (holding the FSA does not apply retroactively to defendants whose conduct *and sentencing* occurred prior to the enactment of the Act) (emphasis added), and the Fourth Circuit has declined to address it, see United States v. Jones, 2011 WL 4098028, at *1 (4th

Cir. 2011) (slip copy) (expressing no view on the FSA's retroactive applicability to defendants whose offenses were committed before the law's enactment but who were sentenced after the FSA's passage).  I agree with the circuit courts holding the fair and necessary implication of the FSA is Congress intended the new mandatory minimums to apply to all sentences after the Act's enactment.  See, e.g., Dixon, 648 F.3d at 203.

In Brewer, this Court held "the Fair Sentencing Act contains no express statement that is retroactive, and thus the 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed."  624 F.3d at 909 n.7.  But the Supreme Court's interpretation of the savings statute is not as narrow as Brewer makes it to be.  The Supreme Court has held the savings statute "cannot justify a disregard of the will of Congress as manifested, either expressly or *by necessary implication*, in a subsequent enactment."  Great N. Ry. Co. v. United States, 208 U.S. 452, 465 (1908) (emphasis added).  Thus, the savings statute "must be enforced unless, either by express declaration or necessary implication, arising from the terms of the law as a whole, it results that the legislative mind will be set at naught by giving effect to the provisions of [the statute]."  Id.; see also Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 659 n. 10 (1974) (stating "only if [the statute at issue] can be said *by fair implication or* expressly to conflict with [the savings statute] would there be reason to hold [the statute at issue] superseded [the savings statute]") (emphasis added).  I join in the reasoning of those circuit courts which have concluded, notwithstanding the absence of an express statement of retroactivity, the necessary, fair, and only implication of the FSA is Congress intended for the new mandatory minimums to apply to all defendants sentenced after the enactment of the Act.  See, e.g., Dixon, 648 F.3d at 200-03; Douglas, 644 F.3d at 43-46; see also United States v. Holcomb, -- F.3d --, 2011 WL 3795170, at *10-18 (7th Cir. 2011) (Williams, J., dissenting from denial of rehearing en banc).

As stated in its Preamble, Congress passed the FSA to "restore fairness" to federal cocaine sentencing. It sought to do so by establishing new mandatory minimums and expecting sentencing courts to begin applying these new mandatory minimums immediately. To hold otherwise, begs the question others have asked before me: "[W]hy would Congress want sentencing judges to *continue* to impose sentences that it had already declared to be unfair?" Holcomb, 2011 WL 3795170, at * 13 (Williams, J., dissenting) (emphasis in original); see also United States v. Douglas, 746 F. Supp. 2d 220, 229 (D.Me. 2010). I cannot find an appropriate answer to this question in our Circuit precedent. Despite being bound by precedent, I cannot agree the absence of an express statement of retroactivity in the FSA means Congress intended for sentencing judges to continue to impose unfair sentences even after the passage of the Act, for such a practice undoubtedly produces an absurd result. Therefore, I reluctantly concur in the judgment.

——————————————————————