# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1711

_____

United States of America,

        Appellee,

v.

Terrell Williams,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted:  January 9, 2012
Filed:  February 2, 2012

_____

Before WOLLMAN, LOKEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Terrell Williams appeals his sentence for conspiracy to distribute fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846 and punishable under 21 U.S.C. § 841(b)(1).  The offense conduct all had occurred by June 3, 2010. On August 3, 2010, the Fair Sentencing Act (FSA), which amended the threshold quantities of crack cocaine for triggering mandatory minimum sentences under § 841 and mandated amendments to the United States Sentencing Guidelines (U.S.S.G. or Guidelines), became effective.  On September 30, 2010, Williams entered a plea of guilty to the conspiracy.  His sentencing hearing occurred on March

17, 2011. The district court,[1] ruling that the FSA did not apply to conduct predating the Act's effective date, sentenced Williams to the pre-FSA mandatory minimum sentence of ten years' imprisonment.

Williams argues that the district court erred in declining to apply the FSA to his sentence, which would have resulted in a Guidelines range of 57 to 71 months' imprisonment and a mandatory minimum sentence of five years' imprisonment. The government agrees, arguing that the FSA should apply in all sentencing hearings occurring on or after the effective date of the statute, even if the defendant's offense occurred before that date.

The parties' argument is foreclosed by our decision in United States v. Sidney, 648 F.3d 904, 910 (8th Cir. 2011) (holding that "the FSA is not retroactive, even as to defendants who were sentenced after the enactment of the FSA where their criminal conduct occurred before the enactment."); see also United States v. Smith, 632 F.3d 1043, 1047-49 (8th Cir. 2011) (holding that the FSA is not retroactive, and penalties effective at time of occurrence of offense governs).[2] Accordingly, the district court did not err in sentencing Williams in accordance with the pre-FSA mandatory minimum.

---

[1] The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

[2] We note that the Supreme Court has consolidated and granted certiorari in the cases of United States v. Fisher, 635 F.3d 336 (7th Cir. 2011), *cert. granted sub nom.*, Dorsey v. United States, 181 L. Ed. 2d 480 (U.S. Nov. 28, 2011), and United States v. Hill, 417 F. App'x 560 (7th Cir. 2011), *cert granted*, 181 L. Ed. 2d 480 (U.S. Nov. 28, 2011), which present the following question: "Did the district court err in not sentencing the petitioner pursuant to the 2010 Fair Sentencing Act where petitioner was sentenced on Dec. 2, 2010, after the effective date of the FSA, and the amendments to the Sentencing Guidelines mandated by the FSA?" 80 U.S.L.W. 3311, 3317.

The judgment is affirmed.

_____