# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3214

_____

United States of America,             *
                                      *
        Appellee,                     *
                                      *    Appeal from the United States
    v.                                *    District Court for the
                                      *    Southern District of Iowa.
Deshawn Michael Mapp,                 *
                                      *    [PUBLISHED]
        Appellant.                    *

_____

Submitted:  April 20, 2012
Filed: July 2, 2012

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

On February 27 and March 5, 2010, Deshawn Michael Mapp sold cocaine base (crack cocaine) to a confidential informant.  Thereafter, a grand jury returned an indictment charging him with two counts of distribution of at least five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2.  Mapp entered into a written plea agreement, which the district court accepted.

Before his September 29, 2011, sentencing hearing, Mapp submitted a memoranda urging the district court to apply the Fair Sentencing Act (FSA), which had taken effect on August 3, 2010.  Retroactive application of the FSA and the conforming amendments to the United States Sentencing Guidelines would have had

the effect of reducing Mapp's statutory maximum term of imprisonment, <u>see</u> 21 U.S.C. § 841(b)(1)(C), and his offense level under the Guidelines, <u>see</u> U.S. Sentencing Guidelines Manual § 4B1.1(b). The district court denied Mapp's request, consistent with this court's decision in <u>United States v. Sidney</u>, 648 F.3d 904 (8th Cir. 2011). <u>Sidney</u> held that "the FSA is not retroactive, even as to defendants who were sentenced after the enactment of the FSA where their criminal conduct occurred before the enactment." <u>Id.</u> at 910.

Mapp appealed his sentence, and we held the appeal in abeyance pending the Supreme Court's decision in <u>Dorsey v. United States</u> and <u>Hill v. United States</u>. The Supreme Court has now abrogated our holding in <u>Sidney</u> and ruled that the FSA's "more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." <u>Dorsey v. United States</u>, No. 11-5683, 2012 WL 2344463 (U.S. June 21, 2012). We therefore vacate Mapp's sentence and remand for resentencing.

_____