# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1582

———————

United States of America,        *
                                *

       Appellee,        *

                                *   Appeal from the United States

     v.                *   District Court for the

                                *   District of Nebraska.

Kalvin Thomas,          *

                                *     [UNPUBLISHED]

       Appellant.      *

———————

Submitted: November 16, 2011
Filed: July 6, 2012

———————

Before RILEY, Chief Judge, BEAM and BYE, Circuit Judges.

———————

PER CURIAM.

Kalvin Thomas appeals his sentence for possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1). The offense occurred on March 1, 2010, and Thomas was indicted in April 2010. The Fair Sentencing Act (FSA), which amended the threshold quantities of crack cocaine triggering mandatory minimum sentences under § 841 and mandated amendments to the United States Sentencing Guidelines, became effective on August 3, 2010. On November 5, 2010, Thomas pleaded guilty and he was sentenced on February 28, 2011.

At the sentencing hearing, the district court calculated a Guidelines sentencing range of 188 to 235 months' imprisonment. Thomas urged the district court to apply the FSA to his sentence, which would have lowered his range. Ruling that the FSA did not apply to conduct predating the Act's effective date, the district court sentenced Thomas to 188 months' imprisonment. At the time of sentencing, Thomas's FSA retroactivity argument was foreclosed by our decision in United States v. Sidney, 648 F.3d 904, 910 (8th Cir. 2011) (holding that "the FSA is not retroactive, even as to defendants who were sentenced after the enactment of the FSA where their criminal conduct occurred before the enactment"). The Supreme Court recently rejected the reasoning of Sidney, ruling that the FSA applies retroactively to those who committed criminal conduct before, but who were sentenced after, its passage. Dorsey v. United States, No. 11-5683, 2012 WL 2344463, at *9-15 (June 21, 2012). Accordingly, we reverse and remand for resentencing, pursuant to Dorsey.

_____