# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2228

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| David Jamond Gamble, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 9, 2012
Filed: July 10, 2012

_____

Before MELLOY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

David Jamond Gamble appeals from his sentence of 188 months' imprisonment for conspiracy to distribute at least five grams of cocaine base, arguing that the district court erred in not applying the Fair Sentencing Act (FSA), codified in part at 21 U.S.C. § 841(b) (2010), to his case. The conduct underlying Gamble's sentence occurred before the FSA went into effect, but his sentencing was after this date. We reverse under Dorsey v. United States, 567 U.S. ___ (2012), which held that the FSA applies where the defendant committed the crime before, but was sentenced after, the FSA went into effect.

On February 20, 2010, police arrested Gamble for conspiring to distribute cocaine base between November 2009 and February 2010. Gamble subsequently entered into a plea agreement and pleaded guilty to one count of conspiracy to distribute at least five grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Under the terms of his plea agreement, Gamble stipulated that his criminal history qualified him for career offender status.

The presentence report found Gamble responsible for 21.28 grams of cocaine base. Under the pre-FSA law in effect at the time Gamble committed his offense, the statutory maximum for a career offender for this amount of cocaine was forty years' imprisonment. 21 U.S.C. § 841(b)(1)(B) (2006), amended by Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). This statutory maximum required a base offense level of 34 under the career offender guideline. United States Sentencing Guidelines § 4B1.1(b)(2). The court then applied a three-level reduction for acceptance of responsibility for a final offense level of 31. Combined with Gamble's criminal history category of VI, an advisory Guidelines range of 188 to 235 months' imprisonment applied.

On May 5, 2011, the district court held a sentencing hearing. Gamble argued that the FSA, which became effective on August 3, 2010—after Gamble's criminal conduct occurred, but before his sentencing—should apply to him. Under the FSA, the statutory maximum for Gamble's offense would have been twenty years, rather than the forty that applied before its passage. 21 U.S.C. § 841(b)(1)(B)(iii) (2010). Based on this lower statutory maximum, a base offense level of 32, rather than 34, would have applied. U.S.S.G. § 4B1.1(b)(3). Had the district court applied the same three-level reduction for acceptance of responsibility, the resultant Guidelines range would have been 151 to 188 months' imprisonment. However, the district court found the pre-FSA forty-year statutory maximum applied and sentenced Gamble at the top of the resultant advisory Guidelines range to 188 months' imprisonment.

Gamble filed a timely notice of appeal and argues that the district court erred in not applying the FSA to his sentencing proceedings. We review de novo the applicability of the FSA to a defendant's case. United States v. Neadeau, 639 F.3d 453, 456 (8th Cir. 2011). In Dorsey, the Supreme Court held that the FSA's "more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but that were not sentenced until after August 3." Dorsey, No. 11-5683, slip op. at 2. This decision abrogated our case, United States v. Sidney, 648 F.3d 904, 910 (8th Cir. 2011), which held that the FSA does not apply retroactively. See Dorsey, No. 11-5683, slip op. at 10 (U.S. June 21, 2012). Accordingly, we remand to the district court for further proceedings consistent with this opinion.

_____