# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-1711

_____

United States of America

*Plaintiff - Appellee*

v.

Terrell Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: August 6, 2012
Filed: August 6, 2012
[Unpublished]

_____

Before WOLLMAN, LOKEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On September 30, 2010, Terrell Williams pleaded guilty to conspiracy to distribute fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846 and punishable under 21 U.S.C. § 841(b)(1). The offense conduct all had occurred by June 3, 2010. The Fair Sentencing Act (FSA), which amended the threshold quantities of crack cocaine for triggering mandatory

minimum sentences under § 841, became effective on August 3, 2010. Williams's sentencing occurred on March 17, 2011. The district court ruled that the FSA did not apply to conduct predating the Act's effective date and sentenced Williams to the pre-FSA mandatory minimum sentence of ten years' imprisonment. Williams appealed and we affirmed the sentence, concluding that circuit precedent foreclosed his retroactivity argument. See United States v. Sidney, 648 F.3d 904, 910 (8th Cir. 2011).

Williams subsequently filed a petition for rehearing by panel and for rehearing *en banc*, which we stayed pending resolution by the Supreme Court on whether the FSA applies retroactively to defendants whose conduct occurred before its enactment, but who were sentenced after its enactment. The Supreme Court answered the question on June 21, 2012, holding that "the [FSA's] more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012).

In light of Dorsey, we now grant Williams's petition for rehearing by panel and vacate our previous opinion and judgment in this case, United States v. Williams, 455 F. App'x 704 (8th Cir. 2012). We also vacate Williams's sentence and remand the case to the district court for resentencing consistent with the Supreme Court's ruling in Dorsey.

_____