# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-1216
_____

United States of America

*Plaintiff - Appellee*

v.

Jemaine Laron Sidney, also known as Jizzle

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: August 2, 2012
Filed: August 21, 2012
[Unpublished]

_____

Before RILEY, Chief Judge, GRUENDER, Circuit Judge, and LIMBAUGH,[1]
District Judge.

_____

PER CURIAM.

On December 11, 2009, pursuant to a written plea agreement, Jemaine Sidney
entered a plea of guilty to possession with intent to distribute 50 grams or more of

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the
Eastern District of Missouri, sitting by designation.

crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1).  The offense conduct occurred on or about March 12, 2009.  In the plea agreement, Sidney stipulated to a drug quantity of at least 150 grams but not more than 500 grams.  The Presentence Investigation Report attributed 252.91 grams of crack cocaine to Sidney, and Sidney objected to this finding.

On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA") was signed into law.  Sidney moved to withdraw his guilty plea, contending that the enactment of the FSA constituted "a fair and just reason for requesting the withdrawal."  *See* Fed. R. Crim. P. 11(d)(2)(B).  The district court denied the motion.  At Sidney's sentencing hearing on January 12, 2011, Sidney argued that he was entitled to be sentenced under the modified provisions of the FSA, which, *inter alia*, increased the quantity of crack cocaine required to impose the mandatory minimum sentence of ten years from 50 grams to 280 grams.  *See* 21 U.S.C. § 841(b)(1)(A)(ii)-(iii), (B)(ii)-(iii).  The district court, in accord with our precedent at that time, instead sentenced Sidney under the law as it stood at the time of his offense and imposed a mandatory minimum ten-year sentence.  Based on that ruling, and because Sidney stipulated to at least 150 grams and the Government argued for no more than 252.91 grams, the district court noted that a finding of a precise drug quantity was unnecessary to determine Sidney's sentence.

Sidney appealed the denial of his motion to withdraw his guilty plea and his sentence, and we affirmed.  *See United States v. Sidney*, 648 F.3d 904 (8th Cir. 2011), *vacated*, 11-8134, 80 U.S.L.W. 3715, 2012 WL 2470087 (U.S. June 29, 2012).  Our judgment was vacated and the case remanded to us for further consideration by the Supreme Court in light of *Dorsey v. United States*, 567 U.S. ---, 132 S. Ct. 2321, 2326 (2012) (holding that "the more lenient penalty provisions [of the FSA] apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3.").  We now vacate our prior opinion, vacate Sidney's

sentence, and remand the case to the district court for further proceedings consistent with the Supreme Court's ruling in *Dorsey*.

_____