# United States Court of Appeals
## For the Eighth Circuit

_____

No. 10-3169
_____

United States of America

*Plaintiff - Appellant*

v.

Darrin Bernard Raysor

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: August 3, 2012
Filed: August 24, 2012
[Unpublished]

_____

Before RILEY, Chief Judge, SHEPHERD, Circuit Judge, and WEBBER,[1] District
Judge.

_____

PER CURIAM.

On May 10, 2010, Darrin Bernard Raysor pled guilty to conspiracy to possess
with intent to distribute and distribution of controlled substances, in violation of 21

---

[1] The Honorable E. Richard Webber, United States District Judge for the
Eastern District of Missouri, sitting by designation.

U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2, and was sentenced to 52 months imprisonment. On November 22, 2011, we vacated Raysor's sentence and remanded the case to the district court, with instructions that Raysor be sentenced to the 60-month mandatory minimum sentence set by 21 U.S.C. § 841(b)(1)(B) based on the district court's finding that Raysor's conduct involved distributing more than 20 grams but less than 35 grams of cocaine base. Raysor was subsequently granted a writ of certiorari, and the Supreme Court vacated our decision, with instructions that we further consider Raysor's case in light of Dorsey v. United States, 132 S. Ct. 2321 (2012).

The Fair Sentencing Act (FSA), which took effect on August 3, 2010, "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum." Dorsey, 132 S. Ct. at 2329. At the time of his original sentencing and appeal, Raysor could not take advantage of the FSA because our court had held that the FSA was not to be applied retroactively. See United States v. Sidney, 648 F.3d 904, 910 (8th Cir. 2011). However, in Dorsey, the Supreme Court held that the FSA's new minimums are to apply retroactively "to all of those sentenced after August 3, 2010." 132 S. Ct. at 2335-36.

Raysor was originally sentenced on August 25, 2010, so the drug amounts triggering mandatory minimums set by the FSA apply. However, given the district court's finding that Raysor was responsible for more than 20 grams but less than 35 grams of cocaine base, we are unable to determine on appeal whether Raysor was subject to the 60-month mandatory minimum sentence set by 21 U.S.C. § 841(b)(1)(B). Accordingly, we vacate Raysor's sentence and remand for resentencing, pursuant to Dorsey.

_____

-2-