**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4469**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ROY CECIL RHODES, JR.,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (4:09-cr-00064-F-3)

———————

Submitted:  March 28, 2011            Decided:  May 20, 2011

———————

Before MOTZ, KING, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Walter H. Paramore, III, WALTER H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant.  George Edward Bell Holding, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Cecil Rhodes, Jr., appeals his conviction and 169-month sentence for one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 846 (2006), and one count of distribution of five grams or more of cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) (2006), 18 U.S.C. § 2 (2006).  Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether the Fair Sentencing Act of 2010 should apply to Rhodes's sentence.  The Government has elected not to file a brief.  Rhodes has filed a pro se supplemental brief.

## I.   Adequacy of the Rule 11 Hearing

In the Anders context, we first review whether the district court properly conduced its Fed. R. Civ. P. 11 colloquy before accepting Rhodes's guilty plea.  Because Rhodes did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002).  To establish plain error, he "must show:  (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights."  United States v. Massenburg, 564 F.3d 337, 342-43

2

(4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within [this court's] discretion, and [the court] exercise[s] that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted). The defendant bears the burden of showing plain error.

We have reviewed the record, and we conclude that the district court complied with the mandates of Rule 11. The court ensured that Rhodes's guilty plea was knowing, voluntary, and supported by an adequate factual basis. Accordingly, we decline to disturb Rhodes's conviction.

## II. Reasonableness of Sentence

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, we must assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n

individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 165 (2010).

Because Rhodes did not ask for a sentence different from that imposed, we review the procedural reasonableness of his sentence for plain error. See Lynn, 593 F.3d at 577-78. Our review of the record reveals no such error. The district court properly calculated the Guidelines range, heard arguments, and offered an explanation for the sentence imposed. While the explanation was not lengthy, the court clearly demonstrated that it considered the parties' arguments and created a proper record for appellate review.

Turning to the substantive reasonableness of the sentence, we presume on appeal that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). After reviewing the record, we conclude that Rhodes has not rebutted the presumption of reasonableness accorded his within-Guidelines sentence.

4

### III. Fair Sentencing Act of 2010

Finally, counsel questions whether Rhodes should have received the benefit of the Fair Sentencing Act of 2010. This argument was not raised in the district court, and we conclude that it is waived. In any event, however, we conclude that Rhodes is not entitled to the benefit of the Fair Sentencing Act, as his offense predates the effective date of the Act. See United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010); United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010), cert. denied, ___ U.S.L.W. ___ (U.S. Mar. 28, 2011) (No. 10-9224); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Feb. 15, 2011) (No. 10-9271); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010), cert. denied, ___ U.S.L.W. ___ (U.S. Mar. 21, 2011) (No. 10-8937).

Rhodes has filed a pro se supplemental brief raising a similar Fair Sentencing Act claim, as well as a claim of ineffective assistance of counsel, and claims that his sentence violates Kimbrough v. United States, 552 U.S. 85 (2007) and Furman v. Georgia, 408 U.S. 238 (1972). With respect to his claim of ineffective assistance of counsel, we conclude that ineffective assistance is not apparent on the face of the record and the claim is accordingly not cognizable on direct appeal.

With respect to his other claims, we conclude that they are without merit.

Finally, in accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>