**Marcus Dearborn LAWE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 2:12cv50. Original Criminal No. 2:10cr197.**

United States District Court, E.D. Virginia, Norfolk Division.

Feb. 7, 2012.

Sherrie S. Capotosto, United States Attorney's Office, Norfolk, VA, for Plaintiff.

Walter B. Dalton, Office of the Federal Public Defender, Norfolk, VA, for Defendant.

### *MEMORANDUM ORDER*

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on petitioner's, Marcus Dearborn Lawe ("Lawe"), motion to vacate, set aside, or correct his sentence pursuant to Title 28,

United States Code, Section 2255 ("Motion").[1] For the reasons set forth below, the court **STAYS** petitioner's Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The charges against Lawe originate in a criminal complaint filed on October 13, 2010, in the Eastern District of Virginia. On October 18, 2010, the court appointed Walter Bruce Dalton ("Dalton") of the Office of the Federal Public Defender to represent Lawe. The Assistant United States Attorney subsequently charged Lawe in a two-count criminal information filed on December 6, 2010. Count one alleged Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and count two alleged Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). On December 8, 2010, Lawe informed the court that he wished to enter a plea of guilty to both counts of the criminal information. Magistrate Judge Tommy E. Miller accepted Lawe's plea on December 14, 2010.

On March 8, 2011, Dalton filed a position paper which argued, almost exclusively, that the court should apply the mandatory minimum sentence provisions amended by the Fair Sentencing Act of 2010 ("FSA") when sentencing Lawe. The FSA, passed August 3, 2010, raised the quantity of cocaine base necessary to trigger five- and ten-year statutory mandatory minimum sentences. Under the law in effect on the date of Lawe's offenses, July 30, 2010, Lawe was subject to a mandatory minimum ten-year sentence for count one. *See* Def's Position Paper 2, ECF No. 24. Under the FSA, Lawe would only face a mandatory minimum sentence of five (5)

years for count one. *Id.* The government objected to Dalton's argument, stating "the new Act does not apply to crack cocaine offenses committed before August 3, 2010." Supplemental Sentencing Position of the United States 1, ECF No. 25.

At sentencing, Dalton again raised the issue of retroactive application of the FSA. *See* Sentencing Tr. 6:4–6:10, Mar. 15, 2011, ECF No. 29. The court addressed Dalton's argument, stating:

> I do know that there is a motion under the Fair Sentencing Act. That act was not in effect at the time that this activity occurred. The instant offense occurred on July 30, 2010, and that act has not been made retroactive. If it is made retroactive, I will certainly consider any motion and grant any defendant the benefit of that act having been made retroactive. I have said that, but I have consistently denied application of that act until Congress or the Supreme Court makes it retroactive. I do not as a district judge have the authority, in my opinion, to make that act retroactive.

Sentencing Tr. 12:7–12:16. The court applied the ten-year mandatory minimum sentence, and sentenced Lowe to one hundred twenty (120) months incarceration on count one, and sixty (60) months on count two, to run consecutively.

On January 23, 2012, Lawe filed the instant Motion. Lawe asks this court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, because Dalton's representation "was ineffective for failing to file an appeal on the denial of the district court applying the FSA at sentencing." Pet's Mot. 5, ECF No. 31. Lawe asserts that if Dalton filed such an appeal, the Fourth Circuit "would have reversed the Court's decision for Lawe to be resen-

---

1. Because Lawe is a *pro se* petitioner, the court liberally construes the Motion. *See*

*Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978).

tenced pursuant to the Fair Sentencing Act." *Id.* at 9.

## II. DISCUSSION

Lawe's claim centers on the retroactive application of the mandatory minimums imposed by the FSA. Lawe was sentenced on March 15, 2011, after the FSA went into effect. However, Lawe committed the charged offense on July 30, 2010, four days before the FSA was signed into law. After Lawe's sentencing, Attorney General Holder issued a letter instructing prosecutors to apply the FSA's new mandatory minimum sentencing provisions to all sentencings occurring on or after August 3, 2010, regardless of when the offense conduct took place. *See* Attorney General Eric H. Holder, Jr., Memorandum for all Federal Prosecutors, July 15, 2011.

The Fourth Circuit has held that the FSA is not retroactively applicable to defendants sentenced *before* its enactment. *See United States v. Bullard,* 645 F.3d 237 (4th Cir.2011). However, the Fourth Circuit has not published a precedential ruling on the application of the FSA's new mandatory minimum sentencing provisions to defendants sentenced for pre-FSA offenses *after* its enactment. *See id.* at 248, n. 5 (acknowledging, but not deciding, the separate question of defendants sentenced after August 3, 2010). *But see United States v. Rhodes,* 429 Fed.Appx. 340, 342 (4th Cir.2011) (unpublished) (per curiam) ("In any event, however, we conclude that Rhodes is not entitled to the benefit of the Fair Sentencing Act, as his offense predates the effective date of the Act."). Lawe does cite ten more recent unpub-

lished opinions in which the Fourth Circuit has remanded appeals by similarly situated defendants for resentencing. *See* Pet's Mot. 9–10 (citing, for example, *United States v. Barnett,* No. 11–4244, 2011 WL 4842652, 2011 U.S.App. LEXIS 20803 (4th Cir. Oct. 13, 2011) (unpublished) (per curiam)). In each, the Fourth Circuit has taken no view as to the eligibility of the defendants for retroactive application of the FSA. *See, e.g., Barnett,* 2011 WL 4842652, at *1, 2011 U.S.App. LEXIS 20803, at *2 ("In light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we think it appropriate, without indicating any view as to the outcome, to accord the district court an opportunity to consider the matter anew.").

Other circuit courts to consider this issue have split on the issue of retroactivity. The Second, Fifth, Seventh, and Eighth Circuits have held that the FSA's amended statutory mandatory minimums do not apply to defendants who committed their offenses before the Act went into effect.[2] Conversely, the First, Third, and Eleventh Circuits have held that the FSA's mandatory minimum sentences are retroactive for defendants similarly situated to the petitioner.[3]

On November 28, 2011, the United States Supreme Court granted certiorari in two cases that present the issue of whether the FSA's mandatory minimum sentence provisions should be applied to defendants who committed offenses prior to its enactment, but were sentenced after its passage. *See Dorsey v. United States,*

---

**2.** *See United States v. Tickles,* 661 F.3d 212, 215 (5th Cir.2011); *United States v. Fisher,* 635 F.3d 336, 339–40 (7th Cir.2011); *United States v. Acoff,* 634 F.3d 200, 202–03 (2d Cir.2011); *United States v. Spires,* 628 F.3d 1049, 1055 (8th Cir.2011).

**3.** *See United States v. Dixon,* 648 F.3d 195, 199–200 (3d Cir.2011); *United States v. Rojas,* 645 F.3d 1234, 1237–38 (11th Cir.2011), *vacated for reh'g en banc,* 659 F.3d 1055 (11th Cir.2011); *United States v. Douglas,* 644 F.3d 39, 42–46 (1st Cir.2011).

—— U.S. ——, 132 S.Ct. 759, 181 L.Ed.2d 480 (2011); *Hill v. United States,* —— U.S. ——, 132 S.Ct. 759, 181 L.Ed.2d 480 (2011). The Supreme Court's resolution of these cases might assist the court in deciding the issue presented in Lawe's Motion.[4]

For this reason, the court will **STAY** its decision on the pending § 2255 Motion until after the Supreme Court has rendered its decisions in the above referenced cases. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to the petitioner, to Mr. Dalton, and to the United States Attorney.

**IT IS SO ORDERED.**

---

**4.** A claim of ineffective assistance of counsel requires a showing of both conduct that falls below a reasonable standard of care and prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While the Supreme Court's resolution of the *Dorsey* and *Hill* cases might assist this court in deciding the issue of prejudice in Lawe's motion, there has been no showing of ineffective representation by Dalton that fell below a reasonable standard of care. *See supra* 2–3 (discussing Dalton's efforts in raising this issue on behalf of Lawe). However, if the FSA is determined to be retroactive for defendants sentenced after its passage, an exception might apply in Lawe's case. Therefore, the disposition of *Dorsey* and *Hill* may assist the court in resolving Lawe's claim.