**Marcus Dearborn LAWE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 2:12cv50.
Criminal No. 2:10cr197.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 22, 2012.

Marcus Dearborn Lawe, pro se.

### *MEMORANDUM ORDER*

REBECCA BEACH SMITH, Chief Judge.

This matter comes before the court on the timely motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 ("Motion") by the Petitioner, Marcus Dearborn Lawe ("Lawe"), filed on January 23, 2012, and the government's response ("Response"), filed on August 22, 2012. For the reasons set forth below, the court **GRANTS** the Petitioner's Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The full background of this case is detailed in the court's Memorandum Order of February 7, 2012, 843 F.Supp.2d 636 (E.D.Va.2012) (ECF No. 33). That Memorandum Order stayed Lawe's motion pending the outcome of a ruling from the United States Supreme Court on the issue of retroactive application of the mandatory minimum sentencing provisions of the Fair Sentencing Act of 2010 ("FSA"). *See Dorsey v. United States,* — U.S. ——, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). After the Supreme Court rendered its decision in *Dorsey,* this court lifted its stay and directed the United States to file a response to Lawe's Motion. Order, June 22, 2012 (ECF No. 36). The. United States filed its Response as ordered on August 22, 2012 (ECF No. 37). This matter is ripe for review.

## II. ENTITLEMENT TO RELIEF UNDER 28 U.S.C. § 2255

The disputed portion of Lawe's sentence stems from Count One of a two-count criminal information filed on December 6, 2010. Count One alleged Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), which conduct occurred on or about July 30, 2010.[1] Under the law in effect on that date, Lawe was subject to a mandatory minimum sentence of 120 months on Count One.[2] *See* Mem. Order at 2.

The FSA was signed into law on August 3, 2010. The FSA raised the amount of cocaine base required to trigger the statutory minimum sentences; had Lawe been sentenced under the terms of the FSA, he would have faced a mandatory minimum sentence of only sixty (60) months. Mem. Order at 2. Lawe, however, was not sentenced until March 15, 2011.[3] At sentencing, defense counsel urged the court to apply the FSA's mandatory minimum provisions retroactively, Sentencing Tr. at 6:4–6:10, but the court declined to do so without clear authorization from Congress, the Supreme Court, or the Fourth Circuit. Mem. Order at 3 (quoting Sentencing Tr. at 12:7–12:16).

The Supreme Court provided dispositive guidance on June 21, 2012. The Court held that "the Act's more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." *Dorsey,* 132 S.Ct. at 2326. Lawe falls squarely in the class of offenders who benefit from retroactive application of the FSA's amended mandatory minimums. In light of the holding in *Dorsey,* the applicable statutory minimum sentence for Count One is sixty (60) months.

With respect to Lawe's entitlement to relief under § 2255, there are no material facts in dispute. The Motion, Response, files, and records of the case conclusively show that Lawe is entitled to relief under the rule announced in *Dorsey,* and the United States does not oppose Lawe's mo-

---

**1.** At the time of Lawe's conduct, 21 U.S.C. § 841(b)(1)(A)(iii) provided the penalty for a violation involving fifty (50) grams or more of cocaine base. That penalty was a mandatory minimum sentence of ten (10) years. The FSA amended 21 U.S.C. § 841(b)(1)(A)(iii) by replacing "50 grams" with "280 grams." Pub.L. No. 111–220, 124 Stat. 2372. The five-year mandatory minimum provision, which now applies to offenses involving 28 to 279 grams of cocaine base, is found in 21 U.S.C. § 841(b)(1)(B)(iii). Lawe was ac-

countable for 65.85 grams of cocaine base. *See* PSR ¶¶ 7, 15.

**2.** Count Two alleged a violation of 18 U.S.C. § 924(c). *See infra* Part III.

**3.** The Presentence Investigation Report (PSR) correctly applied the post-FSA Sentencing Guidelines, which were promulgated in November 2010. *See* PSR ¶ 15; *see also Dorsey,* 132 S.Ct. at 2329.

tion for relief. Mot. at 3–5; Resp. at 1. The court, therefore, dispenses with an evidentiary hearing on the issue of entitlement to relief. *See Raines v. United States*, 423 F.2d 526, 529–30 (4th Cir.1970).

Although Lawe framed his § 2255 arguments to allege ineffective assistance of counsel, the court previously expressed doubts about Lawe's ability to succeed on that theory. *See* Mem. Order at 6 n. 4. The United States addressed the court's concerns in its Response and agreed, arguing that because Fourth Circuit precedent at the time offered no support for retroactive application, the decision not to pursue the issue on appeal did not constitute ineffective assistance of counsel. Resp. at 2–3.

In any event, the court does not need to address the merits of an ineffective assistance claim, because *Dorsey* provides clear entitlement to relief. The court construes Lawe's *pro se* petition liberally, *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir.1985), and concludes that Lawe stated a request for relief under the terms of the FSA itself, irrespective of his allegations concerning ineffective assistance of counsel, Mot. at 4, 10.

A petitioner may challenge a sentence if: 1) the sentence violates the Constitution or laws of the United States; 2) the sentencing court lacked jurisdiction to impose the sentence; 3) the sentence exceeds the statutory maximum; or 4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" when the petitioner shows that his sentence was affected by "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)). As the Supreme Court has

now explained, Congress intended to apply the FSA retroactively to defendants sentenced after its enactment. *Dorsey*, 132 S.Ct. at 2326. The mandatory minimum sentence for Count One is sixty (60) months. Lawe is plainly entitled to relief on that portion of his sentence.

### III. PROCEDURE FOR DETERMINING RELIEF

■ Following the grant of § 2255 relief, the proper procedure includes vacatur of the unlawful sentence and application of one of the following remedies: ordering release from confinement; granting a new trial; or imposing a new sentence, through either formal resentencing or correction of the unlawful sentence. *United States v. Hadden*, 475 F.3d 652, 660–61 (4th Cir. 2007). Although the court is not required to conduct a full resentencing in all § 2255 proceedings, *id.* at 668–69, resentencing is the proper course of action in this case.

At the March 2011 sentencing, in addition to Count One, Lawe was also adjudged guilty on Count Two: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). The court sentenced him to the mandatory minimum term of sixty (60) months on Count Two, to run consecutively with his sentence on Count One. Lawe's total sentence, therefore, ran to 180 months, exceeding the Guidelines range of 130 to 147 months (70–87 months on Count One and 60 months on Count Two, consecutive). Resp. at 1. After applying the terms of the FSA retroactively to Count One, however, the combined mandatory minimum sentence runs to only 120 months, which is below the Guidelines range. Resp. at 4. In keeping with the practice of other federal district courts that have addressed this issue,[4] the court

---

4. *See, e.g., United States v. Riley*, No. 10–00100, 2012 WL 3292966 (S.D.Ala. Aug. 10, 2012); *Wigfall v. United States*, No.

will set the matter for resentencing in order to fashion proper relief.

## IV. CONCLUSION

The motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **GRANTED,** and the sentence on Count One is **VACATED.** In all other respects, the court's judgment and sentence of March 15, 2011, remain the same and in full force and effect.

The Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing. The court will appoint counsel to represent the Petitioner for the limited purpose of resentencing, and will do so forthwith.

The United States Attorney is **DIRECTED** to schedule a hearing on this matter within sixty (60) days of the filing of this Order, and to coordinate the date of said hearing with counsel appointed for the hearing. The United States Attorney is further **DIRECTED** to produce the Petitioner for the hearing.

The Probation Office is **DIRECTED** to prepare a new presentence investigation report (PSR) in advance of this hearing. The Clerk is **DIRECTED** to forward a copy of this Order to the Petitioner; to appointed counsel for the resentencing; to the Bureau of Prisons; and to the United States Attorney.

**IT IS SO ORDERED.**

3:11cv393, 2012 WL 2564133 (W.D.N.C. June 29, 2012).