# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2011

No.  10-30852

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SHAWNA TICKLES, also known as Shawna Tickless

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana

No.  10-31085

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JABAR GIBSON,

Defendant - Appellant

Nos.  10-30852
10-31085

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JONES, Chief Judge, and STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:

The court considered these cases jointly without oral argument because they raise a single issue:  whether these defendants, who were convicted *inter alia* of possession with intent to distribute crack cocaine, were entitled to be sentenced according to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat 2372, when their illegal conduct preceded the Act but their sentencing proceedings occurred post-enactment.  The issue is the retroactivity, or partial retroactivity, of the FSA, a statute intended by Congress to "restore fairness to Federal cocaine sentencing," 124 Stat. at 2372, by reducing the previous 100:1 ratio between thresholds for sentences for crack and powder cocaine offenses.  We are one among many circuit courts that have thoroughly vetted this issue, and we have little to add to the discussions of others.  As will be seen below, we side with those courts that have denied retroactive application.

The defendants in these unrelated cases, Shawna Tickles and Jabar Gibson, were each sentenced to the statutory minimum of 120 months for possession with intent to distribute crack cocaine.  Tickles was convicted by a jury for possession with intent to distribute 50 grams of crack cocaine and she was sentenced to the pre-FSA statutory minimum of 120 months.  Jabar Gibson pled guilty to possession with intent to distribute five grams of crack cocaine, as

2

Nos.  10-30852
10-31085

well as other drug charges.  He was sentenced to the 120 month statutory minimum sentence for the crack cocaine offense.

The unusual procedural posture of these cases should, however, be noted. In Gibson's case, the district court had expressly refused retroactive application of the FSA, while Tickles failed to preserve the issue and advocated plain error in this court.  During the spring of 2011, the United States sought in its appellate briefing to uphold the sentences that each court imposed without applying the FSA.  In August, however, the United States filed in each appeal a Supplemental Brief with Request to Remand urging the opposite result: that each sentence be vacated and the cases remanded for re-sentencing in accordance with the FSA.  To achieve this position in Tickles's case, the government had to take the additional position, contrary to Tickles herself, that the retroactivity issue had been properly preserved in the trial court.

On the merits, the government's Supplemental Brief had to admit the simplicity of its original position, founded largely on the Savings Statute, 1 U.S.C. § 109, which holds that the repeal of a criminal statute does not extinguish liability for violations of that statute unless the repealing statute so states expressly.  Because the FSA does not expressly extinguish liability computed under the former threshold quantities for crack cocaine offenses, the prior law should apply to all conduct that predated enactment of the FSA on August 3, 2010. The Supplemental Brief, in contrast, adopts the reasoning of a few courts that have applied FSA where the illegal conduct predated its enactment but the sentencing occurred afterward.  The government now reads the "intent" of Congress as creating "a necessary implication" that the revised statutory penalties must supersede the former penalty scheme "in all future sentencings." To the government, "the analysis [now] turns on much more than the presence or absence of an express statement extinguishing incurred

3

liability."    Needless to add, the appellant's briefs, written before the government's supplemental briefs, generally accord with the new analysis.

This court has been influenced, if not bound, by our prior determination that the FSA was not retroactively applicable, despite its beneficent intentions, to conduct that occurred pre-enactment. *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011). *Doggins* reflected the common view of circuit courts. *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010); *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010); *United States v. Bell*, 624 F.3d 803, 814-15 (7th Cir. 2010); *United States v. Gomez*, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). We have considered carefully the opinions of circuits that have spoken more recently to the question of the FSA's retroactivity. *See United States v. Dixon*, 648 F.3d 195, 199-200 (3rd Cir. 2011); *United States v. Rojas*, 645 F.3d 1234, 1237-38 (11th Cir. 2011); *United States v. Douglas*, 644 F.3d 39, 42-46 (1st Cir. 2011); *United States v. Fisher*, 635 F.3d 336, 339-40 (7th Cir. 2011); *United States v. Acoff*, 634 F.3d 200, 202-03 (2d Cir. 2011); *Unites States v. Spires*, 628 F.3d 1049, 1055 (8th Cir. 2011). Having done so, we are persuaded by those that have relied heavily on Section 109 and its application to this statute, which fails to contain an express statement repealing the prior sentencing structure retroactively. *See Fisher*, 635 F.3d at 340-41; *Acoff*, 634 F.3d at 202-03; *Spires*, 628 F.3d at 1055; *see also United States v. Holcomb*, No. 11-1558, 2011 WL 3795170 (7th Cir. Aug. 24, 2011) (Judge Easterbrook, denying rehearing en banc). We conclude that the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment.[1]

---

[1] As to Tickles, this court determines the standard of review for ourselves. *United States v. Molina-Solorio*, 577 F.3d 300, 303 (5th Cir. 2009). There was no error, much less

Nos.  10-30852
10-31085

The sentences imposed by the district courts in each of these cases are **AFFIRMED.**

---

plain error, in the district court's sentencing decision. *United States v. Olano*, 507 U.S. 725 (1993).

Nos.  10-30852
10-31085

CARL E. STEWART, Circuit Judge, dissenting.

These cases present a straightforward question of statutory interpretation: whether Congress intended that all federal cocaine offenders immediately receive fair sentences, or whether Congress intended that a subset of federal cocaine offenders receive unfair sentences merely on the basis of the date and time of their underlying offenses.  To conclude the latter is not only unfair, but inconsistent with all of the congressional deliberation that preceded the final passage of the Fair Sentencing Act.  Moreover, the panel majority, and the circuits which support its view, unduly hinder the amelioration of a chronic injustice.  For the following reasons, I dissent from the approach taken by the majority.

The Fair Sentencing Act of 2010 has increased the amount of crack cocaine involved in a federal drug offense that is necessary to trigger mandatory minimum penalties under 21 U.S.C. § 841.  In *United States v. Doggins*, 633 F.3d 379 (5th Cir. 2011), we held that the Fair Sentencing Act does not apply retroactively to persons sentenced prior to the Act's enactment.  The issue in these cases, which was left over from *Doggins*, is whether defendants whose cocaine offenses were committed prior to the enactment of the Act, but who were sentenced following the enactment of the Act, should receive reduced penalties pursuant to the Fair Sentencing Act's revisions.

It is rare that Congress's intent is as easily discernible as it is here.  The ameliorative purpose of the Fair Sentencing Act is reflected most obviously in its name.  Moreover, as expressed in its preamble, the Fair Sentencing Act's explicit purpose is "[t]o restore fairness to Federal cocaine sentencing."  Underlying this

Nos.  10-30852
10-31085

purpose was Congress's determination that the prior 100:1 sentencing ratio for crack cocaine offenses to powder cocaine offenses was fundamentally unfair.  In addition to its other provisions, the Act granted emergency authority for the United States Sentencing Commission to revise the federal sentencing guidelines in accordance with the Act within 90 days.

"The necessary inference is that the will of Congress was for the FSA to halt unfair sentencing practices immediately." *United States v. Rojas*, 645 F.3d 1234, 1240 (11th Cir. 2011).  As expressed by the district court in *United States v. Whitfield*, "[t]his court is hesitant to impose a sentence that Congress has deemed unfair.  Holding otherwise appears to this court as illogical."  No. 2:10-CR-13, 2010 WL 5387701, at *2 (N.D. Miss. 2010).  "That Congress wanted the new 'fair' sentences to apply to everyone sentenced after the Fair Sentencing Act became law, not just to some, is the necessary implication of what it did." *United States v. Holcomb*, No. 11-1558, 2011 WL 3795170, at *17 (7th Cir. 2011) (Williams, J., dissenting from denial of rehearing en banc).

In support of the conclusion that the Fair Sentencing Act should not apply to all federal cocaine offenders sentenced after its enactment, the majority relies on the general savings statute, 1 U.S.C. § 109.  The Supreme Court, however, has explained that the savings statute "cannot justify a disregard of the will of Congress as manifested, either expressly or by necessary implication, in a subsequent enactment." *Great N. Ry. Co. v. United States*, 208 U.S. 452, 465 (1908).

> All that can be said in favor of punishing under the old law defendants not yet sentenced when the new one took effect is that if Congress were omnicompetent it would, out of an abundance of caution, have "expressly" directed that sentences imposed after the new law went into effect would be subject to the guideline

7

Nos.  10-30852
10-31085

amendments that the new law ordained. . . . Such questionable thinking can lead to gratuitously silly results in particular cases— these cases, for example.

*Holcomb*, 2011 WL 3795170, at *19 (Posner, J., dissenting from denial of rehearing en banc).

The will of Congress, as expressed in the Fair Sentencing Act's substance, preamble, and title, will be disregarded by the courts' continued imposition of severe penalties which Congress has explicitly determined to be unfair. Accordingly, I agree with a number of our sister circuits that the provisions of the Fair Sentencing Act apply to all federal cocaine offenders sentenced after the statute's enactment, regardless of whether the underlying offense conduct occurred prior to the Act's enactment. *See United States v. Douglas*, 644 F.3d 39 (1st Cir. 2011); *Rojas*, 645 F.3d 1234 (11th Cir. 2011); *United States v. Dixon*, 648 F.3d 195 (3d Cir. 2011).

The majority opinion would continue to impose disproportionately harsh sentences of imprisonment on many crack cocaine offenders, despite Congress's clear and obvious determination that such penalties are unfair. For this reason, I respectfully dissent.