*532 PER CURIAM.
Larita Duncan pleaded guilty to possessing five or more grams of crack cocaine, in violation of 21 U.S.C. § 844(a). On November 22, 2010, the district court[1] sentenced Duncan to 60 months’ imprisonment, the applicable mandatory minimum for offenses involving more than five grams of cocaine at the time Duncan committed the offense, declining her request to apply the Fair Sentencing Act of 2010 (“FSA”) retroactively. On appeal, Duncan argues the district court erred in concluding the FSA, which eliminated the five-year minimum sentence for offenses involving more than five grams of cocaine, does not apply retroactively to her. We affirm.
Our precedent forecloses Duncan’s argument the FSA applies retroactively.[2] See, e.g., United States v. Sidney, 648 F.3d 904, 906 (8th Cir.2011) (“[T]he Fair Sentencing Act contains no express statement that it is retroactive, and thus the general savings statute, 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed.”) (quoting United States v. Brewer, 624 F.3d 900, 909 n. 7 (8th Cir.2010)) (internal quotation marks and citation omitted); United States v. Spires, 628 F.3d 1049, 1055 (8th Cir.2011) (holding the Fair Sentencing Act is not retroactive and the defendant is subject to the penalties in place at the time he committed the crime); United States v. Finch, 630 F.3d 1057, 1063 (8th Cir.2011) (same). Relying on United States v. Douglas, 746 F.Supp.2d 220 (D.Me.2010), Duncan argues, however, the district court’s failure to apply the FSA retroactively is contrary to Congressional intent. As we recently acknowledged in Sidney, the district court in Douglas, which has now been affirmed by the First Circuit, United States v. Douglas, 644 F.3d 39 (1st Cir.2011), held the necessary and fair implication of the FSA is Congress intended the new mandatory mínimums to apply to all defendants sentenced after the enactment of the Act.[3] Sidney, 648 F.3d at 907-08. We rejected this reasoning in Sidney, explaining: “In the end, the fact remains that Congress could easily have included a single sentence in the FSA to give it retroactive effect, but for whatever reason, it did not do so. It is beyond the province of this Court to do so now.” Id. at 908; see also United States v. Orr, 636 F.3d 944, 958 (8th Cir.2011) (“Thus, as we have previously recognized, Congress expressed no desire in the FSA that the law be applied retroactively, and consequently the federal Savings Statute clearly forecloses [defendant’s] argument for retroactive application.”).
Accordingly, we affirm the district court’s judgment.

. The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

. We note the Supreme Court recently granted certiorari on the issue of the retroactive application of the FSA in two cases, consolidated for one hour of oral argument: United States v. Hill, 417 Fed.Appx. 560 (7th Cir. 2011), cert. granted, — U.S. -, 132 S.Ct. 759, - L.Ed.2d - (2011), and United States v. Fisher, 635 F.3d 336 (7th Cir.2011), cert. granted sub nom Dorsey v. United States, — U.S.-, 132 S.Ct. 759, L.Ed.2d-(2011).

.President Barack Obama signed the FSA into law on August 3, 2010, surrounded by bipartisan Congressional leaders and the Attorney General. Pub.L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010).