**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 15, 2012

Lyle W. Cayce
Clerk

No. 10-60981
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES HICKS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:09-CR-71-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Hicks pleaded guilty of distributing 247.2 grams of cocaine base. On appeal, he argues that the district court erred by refusing to apply the Fair

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60981

Sentencing Act of 2010 ("FSA").  His argument is foreclosed by *United States v. Tickles*, 661 F.3d 212, 214-15 (5th Cir. 2011), *petition for cert. filed* (Dec. 15, 2011) (No. 11-8023), and *petition for cert. filed* (Dec. 27, 2011) (No. 11-8268), which held that the FSA does not apply retroactively to defendants whose sentencing occurred after the FSA's effective date but whose offenses occurred before that date.  Although the Supreme Court has recently granted *certiorari* in two Seventh Circuit cases that held that the FSA does not apply retroactively, our precedent remains binding unless the Supreme Court overrules it.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008).

Hicks contends that the district court erred by refusing to grant him a safety-valve sentence reduction under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f).  The only dispute is whether "not later than the time of sentencing" Hicks "truthfully provided to the Government all information and evidence . . . concerning the offense." § 3553(f)(5).  He argues that, regardless of how much he balked, prevaricated, or misled federal agents, he is entitled to the reduction if he ultimately provided all relevant information before sentencing.  This proposition is doubtful in light of a defendant's obligation to provide all relevant information even if the government does not request it.  *See United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).  But we need not examine the degree of good faith required, because the district court did not clearly err by finding that Hicks never made full disclosure.  *See United States v. Edwards*, 65 F.3d 430, 432-33 (5th Cir. 1995).

The judgment is AFFIRMED.