# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2012

Lyle W. Cayce
Clerk

No. 10-30936
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES C. COLEMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-164-8

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

James C. Coleman appeals the 120-month sentence imposed following his conviction of possessing with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. *See* 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 846. We review criminal sentences, including those based on departures from a defendant's advisory sentencing guidelines range, for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30936

Coleman argues that his sentence is unreasonable because the district court refused to apply the Fair Sentencing Act of 2010 (FSA) in his case. His argument is foreclosed by our decision in *United States v. Tickles*, 661 F.3d 212, 214-15 (5th Cir. 2011), *petition for cert. filed*, (Dec. 15, 2011) (No. 11-8023), and *petition for cert. filed*, (Dec. 27, 2011) (No. 11-8268). Coleman also argues that his sentence is unreasonable because the district court believed that it could not impose a shorter sentence to account for disparities in the crack to powder cocaine ratio used in the Sentencing Guidelines. Coleman's advisory sentencing guidelines range was based on a statutorily imposed mandatory minimum 240-month term of imprisonment. The district court lacked the authority to grant a downward variance because it would have fallen below that statutory minimum. *See United States v. Harper*, 527 F.3d 396, 411 (5th Cir. 2008). Although the district court granted the Government's § 3553(e) motion to allow a sentence below the statutorily required minimum term of imprisonment, that departure could be based only on assistance-related concerns. *See* 18 U.S.C. § 3553(e); *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006).

Coleman argues that the Government breached a provision of their plea agreement. We will not consider that issue because Coleman raised it for the first time in his reply brief. *See United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989).

Finally, Coleman asserts for the first time in his reply brief that the district court erroneously believed in imposing his sentence that it was bound by the ten-year minimum term of imprisonment that was applicable in his case before the Government filed a 21 U.S.C. § 851 notice of enhancement. He has waived any challenge to the district court's alleged error by failing to adequately address the issue. *Cf. United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir.), *cert. denied*, 131 S. Ct. 158 (2010); FED. R. APP. P. 28(a)(9)(A).

AFFIRMED.