**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 13, 2012

Lyle W. Cayce
Clerk

No. 10-60890
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE LEE FIELDS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:09-CR-30-1

Before JONES, Chief Judge, and BENAVIDES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Willie Lee Fields appeals his jury conviction and sentence for possession of cocaine base with intent to distribute. He argues that the district court erred in denying his motion to suppress, contending that the officer's actions were not reasonably related to the circumstances that justified the traffic stop because there was no reasonable suspicion that Fields, the passenger in the vehicle, was engaged in criminal activity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60890

On appeal from the denial of a motion to suppress evidence, we review the district court's factual findings for clear error and its conclusions of law de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *cert. denied*, 131 S. Ct. 620 (2010). Viewing the evidence in the light most favorable to the Government, the officer's discovery of marijuana residue, partnered with the driver's admission to the presence of additional contraband, rendered the weapons patdown and handcuffing of Fields reasonable. *See United States v. Scroggins*, 599 F.3d 433, 443 (5th Cir.), *cert. denied*, 131 S. Ct. 158 (2010); *United States v. Majors*, 328 F.3d 791, 795 (5th Cir. 2003).

Fields's continued detention was not violative of the Fourth Amendment because while investigating the basis of the initial traffic stop, the officer's discovery of marijuana residue created reasonable suspicion of additional criminal activity that rendered Fields's further detention permissible for a reasonable time while the officer attempted to dispel this reasonable suspicion. *See Pack,* 612 at 350, 352. The officer's inquiry of Fields into matters unrelated to the justification for the traffic stop, i.e., whether he was in possession of contraband, did not convert the encounter into something other than a lawful seizure because that inquiry did not measurably extend the duration of the stop. *See Arizona v. Johnson*, 555 U.S. 323, 333 (2009). In light of the preceding, the district court's ruling on the motion to suppress was not in error.

Fields's argument that the Fair Sentencing Act (FSA) should be retroactively applied is foreclosed by *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir.), *petition for cert. filed* (Dec. 15, 2011) (No. 11-8023) *and* (Dec. 27, 2011) (No. 11-8268), which held "that the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment." We remain bound by *Tickles* absent an intervening Supreme Court case overruling this precedent. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008).

AFFIRMED.