# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3737

_____

United States of America,     &ast;
              &ast;
     Appellee,    &ast;
              &ast;  Appeal from the United States
   v.         &ast;  District Court for the
              &ast;  District of Nebraska.
Larita Duncan,      &ast;
              &ast;
     Appellant.   &ast;

_____

Submitted: July 25, 2012
Filed July 25, 2012

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Larita Duncan pleaded guilty to possessing five or more grams of crack cocaine, in violation of 21 U.S.C. § 844(a). The offense occurred on October 6, 2009. On August 3, 2010, President Barack Obama signed the Fair Sentencing Act ("FSA"), which eliminated the five-year minimum sentence for offenses involving more than five grams of cocaine, into law. Pub. L. No. 111-220, 124 Stat. 2372 (2010). On November 22, 2010, the district court sentenced Duncan to 60 months' imprisonment, the applicable mandatory minimum for offenses involving more than five grams of cocaine at the time Duncan committed the offense, declining her request to apply the FSA retroactively. Duncan appealed and we affirmed the sentence, concluding circuit precedent foreclosed her retroactivity argument. See United States v. Duncan, 449

F. App'x 531, 532 (8th Cir. 2011) (unpublished per curiam) (citing United States v. Sidney, 648 F.3d 904 (8th Cir. 2011)).

Duncan subsequently filed a petition for rehearing by panel and petition for rehearing *en banc*, which we held in abeyance pending resolution by the Supreme Court on whether the FSA applies retroactively to defendants whose conduct occurred before its enactment, but who were sentenced after the enactment. On June 12, 2012, the Supreme Court answered the question and held "the more lenient penalty provisions [of the FSA] apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." Dorsey v. United States, 132 S.Ct. 2321, 2326 (2012). We granted Duncan's petition for rehearing by panel and our previous opinion and judgment in this case, United States v. Duncan, 449 F. App'x 531 (8th Cir. 2011), was vacated by an order of the *en banc* court on July 25, 2012. We now vacate Duncan's sentence and remand the case to the district court for resentencing consistent with the Supreme Court's ruling in Dorsey.

_____