**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2012

No. 10-30920

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

LANCE BENNETT,

Defendant–Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-177-2

ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

Before SMITH, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

This court affirmed the life sentence imposed on Defendant–Appellant Lance Bennett by the district court. *United States v. Bennett*, 664 F.3d 997, 1014–15 (5th Cir. 2011). The Supreme Court vacated and remanded the judgment of this court, instructing that we reconsider the case in light of *Dorsey v. United States*, 132 S. Ct. 2321 (2012). *Bennett v. United States*, ___ S. Ct. ___,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30920

2012 WL 1190577 (June 29, 2012). In *Dorsey*, the Supreme Court held that the Fair Sentencing Act of 2010 ("FSA") applies "to the post-Act sentencing of pre-Act offenders," *id.* at 2335, abrogating this court's opinion in *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir. 2011). In our prior opinion in this case, we relied on *Tickles* in rejecting Bennett's challenge to his sentence under the FSA.[1] *Bennett*, 664 F.3d at 1015.

The jury convicted Bennett of participating in a drug conspiracy involving at least 50 grams of cocaine base. Under the version of 21 U.S.C. § 841 in effect before the FSA was enacted, any person convicted of such a conspiracy who also had been convicted of two prior felony drug offenses—like Bennett—was subject to a mandatory term of life imprisonment. The district court sentenced Bennett pursuant to that provision. The FSA increased the quantity of cocaine base necessary to trigger that mandatory life provision to 280 grams. Because *Dorsey* mandates that the FSA apply to Bennett, his conviction for a conspiracy involving at least 50 grams of cocaine base is insufficient to trigger the mandatory life provision.

Despite our prior reliance on now-abrogated *Tickles*, we can dispose of this case without remanding for resentencing. Although the district court sentenced Bennett to a term of life imprisonment pursuant to the mandatory life provision, it explained that, considering the 18 U.S.C. § 3553(a) factors, it would have departed from the Guidelines and imposed the same sentence even if the FSA applied. Under the FSA, Bennett's statutorily authorized sentencing range is 10 years to life. 21 U.S.C. § 841(b)(1)(B). And under the Sentencing Guidelines

---

[1] The other two defendants involved in this case, Dalton Bennett and Danquell Miller, did not challenge their sentences under the FSA, and therefore *Dorsey* does not disturb our prior opinion affirming their convictions and sentences.

No. 10-30920

promulgated pursuant to the FSA, the applicable Guidelines range would have been 188–235 months.[2]

We review sentences for procedural error and substantive reasonableness. *See United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). Bennett argues that his life sentence was excessive, and therefore substantively unreasonable. "Appellate review for substantive reasonableness is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *Id.* (internal quotation marks omitted). Our review is for an abuse of discretion. *Id.*

The district court justified Bennett's life sentence during his sentencing hearing by stating:

> Lance Bennett was tried and convicted in Federal Court as an adult for participating in a drug conspiracy and a conspiracy to obstruct justice. Not only did Lance Bennett do these acts after he had already pled guilty to two separate felony drug convictions, he continued his criminal behavior while he was in prison. Indeed, while in jail, he directed his girlfriend to sell crack cocaine so that she could raise enough money to bond him out of jail. Based on the tape recorded telephone calls that were introduced into evidence during the trial, Lance Bennett planned on going right back to selling crack cocaine when he got out of prison. The recidivist statute, such as Section 851 of Title 21, was designed to remove offenders such as this from society. Thus, . . . the Court finds that a life sentence for an adult recidivist is not a cruel or unusual punishment.
>
> .    .    .
>
> In imposing this sentence, the Court has considered under 18, United States Code, Section 3553(a)(4), the sentencing range under the U.S. Sentencing Guidelines applicable to this defendant, as well as the other statutory concerns found in Section 3553(a). . . .

---

[2] Bennett would have had a base offense level of 26, U.S. Sentencing Guidelines Manual § 2D1.1(c), with enhancements for being a leader, *id.* at § 3B1.1(a), and obstructing justice, *id.* at § 3C1.1, for a total offense level of 32. With his level V criminal history category, Bennett's Guidelines range would have been 188–235 months. *Id.* at ch. 5, pt. A.

No. 10-30920

The instant offense represents the defendant's fourth felony conviction. He has prior felony convictions for possession of crack, possession of hydrocodone, and illegal possession of stolen firearms. The defendant was adjudicated delinquent, as a juvenile. The defendant has an extensive criminal history, which began when he was only 15 years old. His criminal history reflects a pattern of escalating criminal activity involving guns and drugs. Further, because he has at least two prior felony convictions for a controlled substance offense, he is subject to an enhanced sentence under Title 21. . . .

The Court finds that the sentence imposed, which commits Lance Bennett to life imprisonment, reflects the nature and specific circumstances of the offense, the seriousness of the offense, and the defendant's extensive criminal history. This sentence promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public. The Court further notes that, for the reasons previously stated, this would be Lance Bennett's sentence regardless of whether the FSA applies retroactively and regardless of any impact on the defendant's guideline range.

Given the district court's due consideration of the § 3553(a) factors, the serious nature of Bennett's offense, and his extensive criminal history, we conclude that the district court did not abuse its discretion in imposing a term of life imprisonment.

For the foregoing reasons we affirm the district court's judgment of conviction and sentence.

AFFIRMED.

4