# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 27, 2012

Lyle W. Cayce
Clerk

No. 10-60981
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES HICKS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 4:09-CR-71-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60981

This court affirmed the judgment of sentence, *United States v. Hicks*, 464 F. App'x 347 (5th Cir. 2012) (per curiam), bound by *United States v. Tickles*, 661 F.3d 212, 214-15 (5th Cir. 2011) (per curiam), which held that the Fair Sentencing Act of 2010 ("FSA") does not apply retroactively to a defendant who is sentenced after the effective date of the FSA but whose offense preceded that effective date. In *United States v. Berry*, No. 11-51050, 2012 WL 5906899 (5th Cir. Nov. 26, 2012) (per curiam), however, this court announced that *Tickles* had been overruled by *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012), which held that the more lenient penalties of the FSA apply to offenders who committed offenses before the effective date of the FSA but who were sentenced after that date.

The Supreme Court granted a writ of *certiorari*, vacated, and remanded for further consideration in light of *Dorsey*. *Hicks v. United States*, 2012 U.S. LEXIS 7401 (U.S. Oct. 1, 2012). We therefore VACATE the judgment of sentence and REMAND for resentencing in accordance with *Dorsey*.