# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 26, 2012

Lyle W. Cayce
Clerk

No. 11-51050

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JONATHAN BERRY

Defendant-Appellant

Appeal from the United States District Court for the
Western District of Texas

Before JOLLY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:

On August 3, 2011, Defendant-Appellant Jonathan Berry ("Berry") pleaded guilty to possession of more than five grams of cocaine base, in violation of 21 U.S.C. § 844(a). The conduct giving rise to the offense took place before August 19, 2008, the date of Berry's initial indictment. On October 21, 2011, Berry was sentenced to sixty months imprisonment, three years of supervised release, a $3,000 fine, and a $100 special assessment. Berry appealed his sentence.

## ANALYSIS

Under the version of 21 U.S.C. § 844(a) in place until August 2, 2010, possession of more than five grams of cocaine base was punishable by a sentence of five to twenty years imprisonment. However, the Fair Sentencing Act of 2010

No. 11-51050

("FSA") modified 21 U.S.C. § 844(a) to remove the provision specific to cocaine base. Under the current version of 21 U.S.C. § 844(a), possession of any controlled substance other than flunitrazepam is punishable by imprisonment for up to one year with no prior drug convictions; up to two years with one prior drug conviction; and up to three years with two prior drug convictions.

Berry appealed his sentence, arguing that he should have been sentenced under the version of 21 U.S.C. § 844(a) in effect at the time of his sentencing rather than under the earlier version in effect at the time of his offense. Berry recognized that his argument was foreclosed by this court's decision in *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir. 2011), which held that "the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment." However, on June 21, 2012, the Supreme Court overruled *Tickles*, holding that the FSA's "more lenient mandatory minimum provisions do apply to . . . pre-Act offenders." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In *Dorsey*, the Supreme Court dealt only with 21 U.S.C. § 841, which prohibits possession of controlled substances with intent to distribute, and did not specifically address the FSA's changes to the simple possession statute, § 844. Nevertheless, this court has no difficulty in concluding, based on *Dorsey*, that the more lenient post-FSA version of 21 U.S.C. § 844 applies to offenders sentenced after the FSA's enactment. To hold otherwise would lead to the anomalous result of simple possession being punished more severely than possession with intent to distribute: possession of more than five grams of cocaine base would carry a five-year mandatory minimum sentence, whereas possession with intent to distribute of up to twenty-eight grams of cocaine base carries no mandatory minimum. Our holding is consistent with those of the other two circuit courts to consider the issue. *See United States v. Duncan*, 684

No. 11-51050

F.3d 1363, 1364 (8th Cir. 2012); *United States v. Smith*, 2012 WL 2864409 at *3 (11th Cir. July 12, 2012).

## CONCLUSION

Berry's five-year term of imprisonment exceeds the maximum term of imprisonment authorized by the post-FSA version of 21 U.S.C. § 844(a). Furthermore, Berry's three-year term of supervised release exceeds the maximum authorized term of supervised release. *See* 18 U.S.C. 3583(b)(3), 3559(a)(5) & 3559(a)(6). Accordingly, we VACATE Berry's sentence and REMAND the case to the district court for resentencing.