Jeffrey David Parker, Esq., Jeff Parker Law Firm, Belton, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Jason Dewight Stephens has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir.2011). Stephens has not filed a response, but he did submit a status request letter. We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Stephens's letter. We concur with counsel's assessment that the appeal pres-

ents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

UNITED STATES of America,
Plaintiff–Appellee

v.

James C. COLEMAN, Defendant–Appellant.

No. 10–30936
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 2012.

Josette Louise Cassiere, Assistant U.S. Attorney, James G. Cowles, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Shreveport, LA, for Plaintiff–Appellee.

Patricia Ann Gilley, Gilley & Gilley, Shreveport, LA, for Defendant–Appellant.

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

---

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This Court previously affirmed the sentence of Appellant because *United States v. Tickles,* 661 F.3d 212 (5th Cir.2011) (per curiam), held that the Fair Sentencing Act of 2010 ("FSA") does not apply retroactively to a defendant who is sentenced after the effective date of the FSA if the offense preceded that effective date. *See* 661 F.3d at 214–15. However, in *United States v. Berry,* No. 11–51050, 701 F.3d 808, 2012 WL 5906899 (5th Cir. Nov. 26, 2012) (per curiam), this Court determined that *Tickles* had been overruled by *Dorsey v. United States,* — U.S. ——, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). In *Dorsey,* the Supreme Court announced that the more lenient penalties of the FSA apply to offenders who were sentenced after the effective date of the FSA if the underlying offense was committed before the effective date of the FSA. 132 S.Ct. at 2326.

The Supreme Court granted certiorari, vacated, and remanded this case for further consideration in light of *Dorsey.* We, therefore, VACATE the judgment of sentence and REMAND for resentencing in accordance with *Dorsey.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

