# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 12, 2012

Lyle W. Cayce
Clerk

No. 11-60272
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESMOND BURNETT,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 2:10-CR-22-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60272

This court affirmed the judgment of sentence, *United States v. Burnett*, 466 F. App'x 381 (5th Cir. 2012) (per curiam), bound by *United States v. Tickles*, 661 F.3d 212, 214-15 (5th Cir. 2011) (per curiam), which held that the Fair Sentencing Act of 2010 ("FSA") does not apply retroactively to a defendant who is sentenced after the effective date of the FSA but whose offense preceded that effective date. The Supreme Court granted a writ of *certiorari*, vacated, and remanded for further consideration in light of *Dorsey v. United States*, 132 S. Ct. 2321 (2012). *Burnett v. United States*, 133 S. Ct. 323 (2012). In *United States v. Berry*, No. 11-51050, 2012 U.S. App. LEXIS 24615, at *2 (5th Cir. Nov. 26, 2012) (per curiam), this court announced that *Tickles* had been overruled by *Dorsey*, which held that the more lenient penalties of the FSA apply to offenders who committed offenses before the effective date of the FSA but who were sentenced after that date.

We therefore VACATE the judgment of sentence and REMAND for resentencing in accordance with *Dorsey*.