**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Malone BURNS, Defendant–Appellant.**

**No. 11–40516**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 2012.

Terri Lynn Hagan, Assistant U.S. Attorney, Ernest Gonzalez, Assistant U.S. Attorney, U.S. Attorney's Office, Plano, TX, for Plaintiff–Appellee.

Robert Gerard Arrambide, Esq., Assistant Federal Public Defender, Office of the Federal Defender–Eastern District, Frisco, TX, Amy R. Blalock, Federal Defender's Office, Tyler, TX, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

On April 17, 2012, we affirmed Burns's sentence because we were bound by our precedent which held that the Fair Sentencing Act of 2010(FSA) does not apply retroactively to a defendant who is sentenced after the effective date of the FSA

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

346

but whose offense preceded the FSA's effective date. *United States v. Burns,* 467 Fed.Appx. 265 (5th Cir.2012) (citing *United States v. Tickles,* 661 F.3d 212, 214–15 (5th Cir.2011)).

After our opinion was issued, the Supreme Court held in *Dorsey v. United States,* — U.S. ——, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), that the more lenient penalties of the FSA apply to offenders who committed offenses before the effective date of the FSA, but who were sentenced after that date. The Supreme Court granted certiorari, vacated the judgment, and remanded for further consideration in the light of *Dorsey. Burns v. United States,* — U.S. ——, 133 S.Ct. 331, 184 L.Ed.2d 4, 2012 WL 3018574 (U.S. Oct. 1, 2012). We therefore VACATE Burns's sentence and REMAND this case for resentencing consistent with *Dorsey.*

VACATED and REMANDED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.