# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2012

No. 11-40516
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MALONE BURNS,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-135-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

On April 17, 2012, we affirmed Burns's sentence because we were bound by our precedent which held that the Fair Sentencing Act of 2010 (FSA) does not apply retroactively to a defendant who is sentenced after the effective date of the FSA but whose offense preceded the FSA's effective date. *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40516

*Burns*, 467 F. App'x 265 (5th Cir. 2012) (citing *United States v. Tickles*, 661 F.3d 212, 214-15 (5th Cir. 2011)).

After our opinion was issued, the Supreme Court held in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), that the more lenient penalties of the FSA apply to offenders who committed offenses before the effective date of the FSA, but who were sentenced after that date. The Supreme Court granted certiorari, vacated the judgment, and remanded for further consideration in the light of *Dorsey*. *Burns v. United States*, 2012 WL 3018574 (U.S. Oct. 1, 2012). We therefore VACATE Burns's sentence and REMAND this case for resentencing consistent with *Dorsey*.

VACATED and REMANDED.