# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2012

No. 10-11150
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RONDRICK LAMAR GRAY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
6:10-CR-23-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before BENAVIDES, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

This Court previously affirmed the sentence of Appellant because *United States v. Tickles*, 661 F.3d 212 (5th Cir. 2011) (per curiam), held that the Fair Sentencing Act of 2010 ("FSA") does not apply retroactively to a defendant who is sentenced after the effective date of the FSA if the offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11150

preceded that effective date.  *See* 661 F.3d at 214–15.  However, in *United States v. Berry*, No. 11-51050, 2012 WL 5906899 (5th Cir. Nov. 26, 2012) (per curiam), this Court determined that *Tickles* had been overruled by *Dorsey v. United States*, 132 S. Ct. 2321 (2012).  In *Dorsey*, the Supreme Court announced that the more lenient penalties of the FSA apply to offenders who were sentenced after the effective date of the FSA if the underlying offense was committed before the effective date of the FSA.  132 S. Ct. at 2326.

The Supreme Court granted certiorari, vacated, and remanded this case for further consideration in light of *Dorsey*.  We, therefore, VACATE the judgment of sentence and REMAND for resentencing in accordance with *Dorsey*.