RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0005p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

EUGENE DOWNS,

          *Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

          *Respondent-Appellee.*

No. 16-5368

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
Nos. 2:09-cr-00117-2; 2:13-cv-00007—J. Ronnie Greer, District Judge.

Argued: October 12, 2017

Decided and Filed: January 8, 2018

Before: SUHRHEINRICH, GRIFFIN, and KETHLEDGE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Erin P. Rust, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Chattanooga, Tennessee, for Appellant. William A. Roach, Jr., UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Erin P. Rust, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Chattanooga, Tennessee, Nikki C. Pierce, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Greeneville, Tennessee, for Appellant. William A. Roach, Jr., UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

KETHLEDGE, Circuit Judge. Eugene Downs argues that the date on which he was "sentenced" for his drug crime was not the date of his sentencing hearing—at which the court

orally pronounced his sentence—but the date on which the court entered the criminal judgment that reflected his sentence. We reject that argument and affirm.

In 2010 Downs pled guilty to conspiring to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On August 2, 2010, the district court held a sentencing hearing and orally pronounced a sentence of ten years' imprisonment, which was then the mandatory-minimum sentence for Downs's crime. The very next day, however, the President signed the Fair Sentencing Act, which reduced from ten years to five the mandatory-minimum sentence for distribution of 50 grams of crack. That reduction presumptively did not apply to crimes (like Downs's) committed before the Act's effective date. *See* 1 U.S.C. § 109. Another thirteen days later—on August 16, 2010—the district court entered its judgment in Downs's case.

Almost two years later, the Supreme Court found the § 109 presumption rebutted as to pre-Act offenders who were first sentenced after August 3, 2010 (*i.e.*, the Act's effective date). *See Dorsey v. United States*, 567 U.S. 260, 281 (2012). Hence the Supreme Court held that the Act did apply to defendants sentenced after August 3, 2010.

Downs thereafter moved to vacate his sentence under 28 U.S.C. § 2255. Although Downs's sentencing hearing took place on August 2, 2010—before the Act's effective date— Downs argued that he was not "sentenced" until the district court entered its judgment on August 16, 2010. The district court disagreed and denied Downs's motion, holding that he was sentenced on the date of his sentencing hearing. We review the court's decision de novo. *See Raybon v. United States*, 867 F.3d 625, 628 (6th Cir. 2017).

The principal question here is whether Downs was sentenced at his sentencing hearing on August 2 or instead upon the entry of his criminal judgment two weeks later. The answer to that question is straightforward: the law uniformly treats the date of the district court's oral pronouncement of sentence as the date of sentencing. For example, the federal sentencing statute provides that the district court, "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence[.]" 18 U.S.C. § 3553(c). That statement of reasons "in open court" comes at the time of the court's pronouncement of sentence, not upon entry of

judgment days or weeks later. Similarly, the Federal Rules of Criminal Procedure—which are themselves law, *see* 28 U.S.C. § 2072—provide that, "[a]t sentencing," the district court must (among other things) ensure that the defendant has discussed his presentence report with his attorney, and "allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence[.]" Fed. R. Crim. P. 32(i)(1). And Rule 43(a)(3) provides that the defendant must be physically present at "sentencing." All of these things occur at the sentencing hearing (assuming the court pronounces the sentence then) rather than when the court enters its judgment later. Thus, "[t]he term 'sentencing' in legal as in ordinary language refers to the pronouncing of sentence by the judge in open court, rather than to the subsequent recording of the sentence on a docket sheet." *United States v. Evans*, 92 F.3d 540, 544 (7th Cir. 1996).

Downs offers no authority to the contrary. Instead, he points out that his co-defendants were sentenced under the Act (because their sentencing hearings took place after August 3, 2010); and Downs emphasizes the unfairness of applying the longer pre-Act mandatory minimum only to him. But again we observe that "[a]s judges—as opposed to, say, legislators— we can be sympathetic to this argument without being persuaded by it." *United States v. Hughes*, 733 F.3d 642, 647 (6th Cir. 2013). "We need legal grounds, not just equitable ones," to apply the Act here. *Id.* And Downs has provided none. Thus, the date of his sentencing was the date of his sentencing hearing, which was before the Act's effective date. Per *Dorsey*, therefore, the Act did not apply to his sentencing and his sentence was lawful.

Downs alternatively argues that his lawyer provided constitutionally ineffective assistance when he failed to seek a continuance to move his sentencing hearing to a date after the Act's effective date. To obtain relief on this ground, Downs must first show that his "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To that end, Downs argues—just as a divided panel of the D.C. Circuit held in a similar case, *see United States v. Abney*, 812 F.3d 1079, 1088 (D.C. Cir. 2016)—that no strategic purpose supported his counsel's decision not to seek a continuance. But we must evaluate that decision based on "counsel's perspective at the time." *Strickland*, 466 U.S. at 689. And from that perspective, unlike the court in *Abney*, we see the issue as one of

foresight rather than "strategy." 812 F.3d at 1088. Strategy involves an allocation of resources based in part on facts already known. Foresight, in contrast, requires an ability to predict things that have not yet occurred. And Downs's counsel was not constitutionally incompetent when he failed to foresee that the Act's reduced penalties would apply to crimes committed before the Act's effective date. To the contrary, under the federal savings statute, 1 U.S.C. § 109, federal law has long presumed that "the penalties for a crime are those in place when the defendant commits it." *Hughes*, 733 F.3d at 644. Moreover, the Fair Sentencing Act itself said nothing about having any retroactive effect. *Id.*

Prior to the Supreme Court's decision in *Dorsey*, therefore, § 109 "pointed like a road sign towards the conclusion that the FSA did not apply" to crimes committed before the Act's effective date. *Id.* True, two years after the events at issue here, the Supreme Court held that the Act did apply to pre-Act offenders who were first sentenced after the Act's effective date. *Dorsey*, 567 U.S. at 273. But the Court's decision in *Dorsey* presented a notable exception to Occam's razor: rather than decide the case on the relatively simple ground of § 109, the Court found that "[s]ix considerations, taken together" lined up to allow the Act to apply retroactively to pre-Act offenders who were first sentenced after August 3, 2010. *Id.* Four dissenting Justices, in addition to several circuit courts, apparently did not see that decision coming. *See Dorsey*, 567 U.S. at 290-95 (Scalia, J., dissenting); *United States v. Tickles*, 661 F.3d 212, 214-15 (5th Cir. 2011); *United States v. Sidney*, 648 F.3d 904, 909-10 (8th Cir. 2011); *United States v. Fisher*, 635 F.3d 336, 339-40 (7th Cir. 2011). We cannot fault Downs's counsel for failing to see it either.

Finally, Downs suggests that his counsel provided ineffective assistance when he failed to seek reconsideration of his sentence shortly after it was pronounced. District courts are generally bound by the sentences they orally pronounce. *See* 18 U.S.C. § 3582(c); *United States v. Ross*, 245 F.3d 577, 585-86 (6th Cir. 2001). Here, as shown above, the sentence was lawful, which means that such a motion would have been futile. Nor was counsel ineffective when he chose not to bring a direct appeal, since (for the same reason) an appeal would have been futile. *See United States v. Finley*, 487 F. App'x 260, 265 (6th Cir. 2012).

In summary, we repeat what we said in *Hughes*: "Congress with a few keystrokes could have included a retroactivity provision in the FSA . . . . But as judges we are confined to what the law says." 733 F.3d at 647. And here, as there, the law provides no ground for relief.

The district court's judgment is affirmed.